STANLEY GALLAGHER, a Minor, by Harry Gallagher, His Guardian, ad Litem, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Ike Ellis and Eugene O. Tallman, Appellants.

(212 N. W. 839.)

**Railroads — complaint — cause of action — negligence.**

In an action for injuries sustained by a boy fourteen years of age, occasioned

---

Annotation.—Contributory negligence in attempting to cross a train standing on a crossing, see annotation in 13 L.R.A.(N.S.) 1066; 34 L.R.A.(N.S.) 466; 50 L.R.A. (N.S.) 1012; 22 R. C. L. 1022.

by the starting of a freight train, which was blocking a public crossing in a town in this state, while such boy was attempting to cross the train at such public crossing; it is *held*, for reasons stated in the opinion, that the complaint states facts sufficient to constitute a cause of action.

Opinion filed March 21, 1927.

Negligence, 29 Cyc. p. 415 n. 1; p. 418 n. 2, 3; p. 629 n. 45, 46; p. 630 n. 48, 50; p. 631 n. 53; p. 635 n. 69; p. 640 n. 13. Pleading, 31 Cyc. p. 333 n. 76. Railroads, 33 Cyc. p. 1056 n. 5.

Appeal from the District Court of Ward County, *Lowe,* J.

Defendants appeal from an order overruling a demurrer to the complaint.

Affirmed.

*Murphy & Toner,* for appellants.

"One attempting to cross a train, standing on a crossing which he is entitled to use, with a live engine attached to or near it, which is liable to move the train at any time, acts at his peril; and the railroad company is not liable for injury to him by moving the train while he is in a position of peril, unless his possession is known to them." Jones v. Illinois C. R. Co. (Ky.) 104 S. W. 258.

"There is obligation resting on a train crew to assume that anyone will take the risk of crossing between the cars of a train." Platt v. Vicksburg S. & P. R. Co. 64 So. 282.

"The act of a railroad in blocking a public crossing and negligently delaying travel renders it liable for the proximate consequent delay, but injury to one attempting to cross over the bumpers of two connecting freight cars was not a proximate consequence thereof." Central of Ga. R. Co. v. Chambers, 69 So. 518.

*Halvor L. Halvorson,* for respondent.

"That testimony of others crossing between the cars was admissible. That the fact of the safety gates being down was not a sufficient warning of danger to relieve the railroad of liability." Weaver v. Southern R. Co. 76 S. C. 49, 121 Am. St. Rep. 934.

Although the plaintiff was guilty of contributory negligence, yet if the railway company, by the use of ordinary care on its part, might have avoided the injury, the injured person may recover. Lake Erie & W. R. Co. v. Mackey, 53 Ohio St. 370.

CHRISTIANSON, J. This is an appeal from an order overruling a demurrer to the complaint. The action is one to recover damages for personal injuries. The complaint alleges that Stanley Gallagher, an infant of the age of fourteen years, is bringing this action through Harry Gallagher, his duly appointed guardian ad litem; that the above named defendant railway company is a foreign corporation engaged in the operation of a railway in the state of North Dakota and that it maintains a station on said railway at the town of Tagus in Mountrail county; that said town of Tagus is a municipal corporation organized under the laws of this state and that the main street of said town is a public highway running over and across the railway line of said defendant railway company within the limits of said town; that said main street is used by all persons coming into or leaving town in a southerly direction, and, generally, by all the residents of said town in going from that portion of the town which lies on the north side of the railway tracks of the defendant railway company to that portion of the town lying on the south side of said tracks; that there is no other crossing over the railway track of said defendant that can reasonably or conveniently be used by persons in making said passage; that the defendant Ellis is employed by the defendant railway company as a locomotive engineer and that he was in charge of the locomotive pulling the train at Tagus at the time Stanley Gallagher sustained the injuries hereinafter referred to; and that the defendant Tallman was the conductor in charge of the said train.

The complaint further alleges:

"That for many years last past it has been the custom of the defendants at frequent intervals to block said public highway and street crossing, with trains and to leave same blocked for indefinite lengths of time, ranging from a few minutes to an hour, without cutting the train when blocking the same, or leaving any manner of passage. That said custom is now and for many years past has been a matter of common knowledge in the community and was well known to the defendants above named, and to the said defendant Great Northern Railway Company, and its officers and agents, and that the said defendants have frequently and repeatedly during several years last past, refused upon request to cut trains blocking said public highway or to allow a rea-

sonable passage over and across said tracks upon said highway; and that it has become the custom in said community for pedestrians approaching said crossing, while the same was so blocked, to pass through, over and under said train so blocking said highway in any manner which seemed convenient or expedient to them; that this custom was a matter of common knowledge in said community and was well known for several years last past to the defendants and the officers, agents and employees of the Great Northern Railway Company defendant, and acquiesced in by them; that at all times hereinafter mentioned and for several years past by reason of the facts hereinbefore alleged, a custom and usage had been established at Tagus, North Dakota, of going over, under or through said trains blocking the said public highway, which fact was well known to the defendants herein.

"That heretofore and in the month of December, 1924, and during the evening of a bitterly cold day, Stanley Gallagher, the plaintiff herein, an infant, then the age of fourteen years, was on the south side of said railway and returning to his home on the north side thereof, and that he was lawfully traveling upon the public highway thereof. That prior to the time he reached said railway track, the defendants had caused a long freight train to be pulled over and across said public highway and that said highway was and had been blocked for over twenty minutes by said train; that at said time the said plaintiff knew of the custom of said defendants to block said crossing for indefinite lengths of time and knew of the custom of the public generally to pass along said highway and under, over or through the trains blocking the same, and knew that such custom was known to and acquiesced in by the said defendants and the officers, agents and employees of the defendant Great Northern Railway Company, and also knew that in order to avoid serious physical discomfort, he would either have to adopt the said custom and pass over, under or through said train so blocking said highway, there being no place of shelter on the south side of the track, and that no such place was convenient, and that thereupon he, with others, while said train was so standing and unlawfully blocking said crossing, proceeded to pass between the cars of said train, and that just as he climbed onto the train, the defendants unlawfully, wrongfully, wilfully and negligently without warning to the plaintiff, and lacking in the exercise of due care and without ringing a bell or sound-

ing a whistle, caused said train to move slightly, and immediately thereafter stop abruptly, and that at the time the said train so stopped, the plaintiff had one foot on the bumper between the said cars and that the sole of his shoe and foot were caught by the said bumpers and pinched therein and his foot bruised, the bones thereof dislocated and injured, and his foot lacerated, so that he could not move until another slight forward movement of the train, caused by the defendants at his request, and for the purpose of releasing said foot; and that upon being released therefrom the plaintiff proceeded to a place of shelter on the north side of said track and thereupon through his father, Harry Gallagher, made arrangements for immediate medical and surgical attention to the injury which he had received as aforesaid, and was placed in charge of the surgeon of the defendant, Great Northern Railway Company, and that by reason of said injury the said plaintiff received surgical attention and was confined to a hospital for many months and that in consequence of said injury, and defendant's negligence, his leg was amputated and that the plaintiff's health was impaired in that several operations resulted and the wound so caused has never healed, and that in addition to having lost his leg, he is suffering from infection of the bone in his thigh, and is continually sick and in pain.

"That the defendants had no flagman or guard at said crossing and that notwithstanding the facts hereinbefore alleged, and of knowledge on the part of the defendants of the custom existing of crossing over, through or under said trains at said crossing, the said defendants aforesaid, wilfully, unlawfully and negligently, after having blocked said crossing for an unreasonable length of time, namely for more than twenty minutes, started its train without giving notice or signal, without ringing a bell or sounding a whistle, or otherwise apprising the public or this plaintiff in particular, of the impending danger.

"That by reason of the premises and because of the wilful, unlawful, and negligent acts of the defendants as hereinbefore alleged, the plaintiff has suffered grievous and permanent injuries both in body and mind and has sustained great physical and mental pain; that he has lost his leg and has suffered permanent impairment of his health in that the wounds following the medical and surgical treatment necessitated by the defendant's negligence, have failed to heal and a diseased condition of the thigh bone has resulted. That he has been compelled

to undergo a number of surgical operations causing great pain and suffering, all because of the negligent acts of the defendants as hereinbefore alleged and all to the damage of the plaintiff in the sum of $75,000."

The defendant railway company, and the defendants Ellis and Tallman, demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The demurrers were overruled and the defendants have appealed.

Appellants contend that the complaint fails to show any actionable negligence on the part of the defendants. They further contend that if the complaint shows negligence on the part of the defendants, it, also, shows contributory negligence on the part of Stanley Gallagher. In other words, the defendants contend that the complaint shows that the proximate cause of the injuries sustained by Stanley Gallagher was his own negligence. While the principles applicable in determining the questions thus presented are well settled, there is much confusion and conflict in the decided cases in applying these principles to the particular facts presented in each case, and no good purpose would be subserved by attempting to discuss the various cases wherein damages were sought by some person who was injured in attempting to cross a train which was obstructing a public highway.

Negligence is the failure to exercise the degree of care demanded by the circumstances. It is the failure to observe for the protection of the interests of another person that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. The term "negligence" is relevant and its application depends on the situation of the parties and the degree of care and vigilance which the circumstances reasonably impose. The degree is not the same in all cases; it may vary according to the danger involved in the want of vigilance. Cooley, Torts, 630.

"Negligence," said the United States Supreme Court (Schlemmer v. Buffalo, R. & P. R. Co. 205 U. S. 1, 51 L. ed. 681, 27 Sup. Ct. Rep. 407), "consists in conduct which common experience, or the special knowledge of the actor, shows to be so likely to produce the result complained of, under the circumstances known to the actor, that he is held answerable for that result, although it was not certain, intended, or foreseen."

Ordinarily negligence and contributory negligence are questions for the jury. They become questions of law only where the material facts are established by undisputed evidence and the inference from the facts is so certain that all reasonable men in the exercise of a fair and impartial judgment can arrive at only one conclusion. 20 R. C. L. pp. 169–171. In other words, in an action to recover damages for personal injuries the questions whether the defendant has been guilty of negligence and whether the defendant has been guilty of contributory negligence are for the determination of the jury, "Not only where there is room for difference of opinion between reasonable men as to the existence of the facts—from which it is proposed to infer negligence, but also where there is room for such a difference as to the inferences which might be fairly drawn from conceded facts." Shearm. & Redf. Neg. 6th ed. § 54; Redington v. Pacific Postal Teleg. Cable Co. 107 Cal. 317, 48 Am. St. Rep. 132, 40 Pac. 432; Gardner v. Michigan C. R. Co. 150 U. S. 349, 37 L. ed. 1107, 14 Sup. Ct. Rep. 140; 29 Cyc. 630; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141.

According to the complaint in this case, the crossing in question was on the main street of the town of Tagus. It was the only available crossing between the parts of the town lying on the different sides of the railway tracks. The defendant railway company and its employees, during the years preceding the accident in question, frequently left its trains so as to block the crossing for considerable lengths of time; and it became the custom for pedestrians, on finding the crossing "so blocked, to pass through, over and under said train so blocking said highway." This custom was acquiesced in by the defendant railway company, and was well known to it and to the engineer and conductor in charge of the train in question, and was also known to Stanley Gallagher. On the day of the accident the weather was "bitterly cold" and the railway train had blocked the crossing for more than twenty minutes. In all the circumstances, we think reasonable men might well say that the trainmen, in the exercise of due care, ought to have anticipated that some person, either infant or adult, might be attempting to cross the train at the time it started and that it was negligence on the part of those in charge of the train to start it without any warning to persons who might at that time be attempting to cross the train.

·. Do the facts alleged· in the complaint show contributory negligence on the part..of Stanley. Gallagher? We think not. As already indicated, a determination of the question of negligence involves a consid: oration of the situation of the parties and the degree of care and vigilance which the circumstances reasonably impose. On demurrer ·we must, of course, assume the facts alleged in the complaint to be true; and, in the light of these facts Stanley Gallagher, in attempting to· cross the railroad train which blocked the public highway across the tracks at Tagus, did not fail to exercise that degree of care and vigilance which the circumstances reasonably imposed upon him. Gesas v. Oregon Short Line R. Co. 33 Utah, 156, 13 L.R.A.(N.S.) 1074, 93 Pac. 274.

It follows from what has been said that the complaint stated a cause of ·action and that the demurrer thereto was properly overruled.

The order appealed from is affirmed.

BIRDZELL,. Ch. J., and BURKE and NUESSLE, JJ., and JANSONIUS. Dist. J., concur.

BURR, J., did not participate; Honorable FRED JANSONIUS, Judge of the Fourth Judicial District, sitting in his stead.