Marvin MOUM and Geraldine Moum, husband and wife, individually and as guardians of the person and estate of Misti Lee Grochow, a minor, Plaintiffs and Respondents,

v.

F. W. MAERCKLEIN, as Administrator of the Estate of Evan W. Dockter, Defendant, and
Soo Line Railway Company, a foreign corporation, Defendant and Appellant.

Civ. No. 8822.

Supreme Court of North Dakota.

Aug. 31, 1972.

Rehearing Denied Nov. 1, 1972.

Bjella & Jestrab, Williston, and F. Leslie Forsgren, Crosby, for plaintiffs and respondents.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant.

STRUTZ, Chief Justice, on reassignment.

Evan Dockter, deceased, was an employee of the defendant Soo Line Railway Company, working as a probationary brakeman out of Harvey, North Dakota. He lived in Minot, a distance of approximately seventy miles from Harvey, and traveled to and from his work by car over U. S. Highway No. 52.

On the morning of December 22, 1969, the yard clerk of the defendant called Dockter in Minot, at approximately 7:15 o'clock, and asked him to report in Harvey at 9:10 a. m., to work as an extra on a

train traveling from Harvey to Portal, North Dakota. The yard clerk was not a witness at the trial, having died between the time of the accident described in the complaint and the time of trial.

The record discloses that Dockter left Minot at 7:40 a. m. It was snowing when he left home. Enroute to Harvey, he encountered adverse weather conditions and was involved in an automobile accident near Drake, and was killed. Also fatally injured in the collision were the father, the mother, and the baby sister of the minor plaintiff, who herself suffered personal injuries. She brings this action for the wrongful death of her parents and for the personal injuries which she sustained in the mishap.

The plaintiff claims that a severe blizzard was raging between Minot and Harvey at the time that the defendant Soo Line ordered Dockter to report for work; that it was snowing in Minot when Dockter was contacted; and that it was cloudy and snowing, with a brisk southeast wind blowing, in Harvey at the time that the yard clerk of the defendant Soo Line made his call to Dockter. Visibility on the highway was bad and there was some wind and blowing snow, making travel extremely hazardous. The plaintiff further asserts that the deceased, Dockter, notwithstanding the hazardous conditions and the limited visibility prevailing, attempted to pass an automobile traveling in the same direction and failed to give the right of way to the vehicle in which the minor plaintiff was riding with her parents and her baby sister; that an accident resulted, due to the negligence of Dockter, in which the plaintiff's parents and her baby sister were killed and the minor plaintiff was injured; and that the collision in which the plaintiff's parents and her sister were killed and the plaintiff was injured resulted proximately from the negligent act of the Soo Line in ordering its employee to report for work under the conditions and from the negligence of its employee, the deceased Evan Dockter.

The plaintiff alleges that the negligence of the Soo Line consisted, as stated, in ordering the deceased employee, at 7:15 a. m., to report for work in Harvey by 9:10 a. m., knowing the unsafe and hazardous weather, road, and driving conditions then existing, and knowing that the said employee would have to travel approximately seventy miles under such conditions in less than two hours, if he were to report on time; that the defendant Soo Line knew, or should have known, that the deceased employee, in complying with the defendant's order to report for work, would have to drive his automobile in an unsafe manner in order to report on time, and further knowing that in spite of conditions then existing the deceased would endeavor to follow orders because as a probationary employee he would be afraid of losing his job if he did not report on time.

Plaintiff also alleges numerous acts of negligence on the part of the deceased Evan Dockter. A study of the record brings to light that the estate of the deceased Evan Dockter was given a covenant not to sue before the trial of the action began, leaving as the only issue in the trial the negligence of the defendant Soo Line in ordering its employee to report for work under the circumstances and conditions set forth above.

The plaintiff demanded judgment for damages for the wrongful death of her parents and for damages for personal injuries suffered by her as a result of the defendant's negligence. The case was tried to a jury, which returned a verdict for the plaintiff, and judgment was entered on such verdict. The defendant Soo Line thereupon moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied, and the defendant has appealed from the judgment and from the order denying motion for judgment notwithstanding the verdict or for a new trial.

The record clearly establishes the negligence of the deceased employee, Dockter. However, his estate has bought its way out

of the lawsuit and was given a covenant not to sue. This covenant discharged the estate of the deceased Evan Dockter from all further liability in the action. Sec. 32–38–04, subsec. 2, N.D.C.C. The negligence of the deceased employee, Dockter, therefore would not be material unless at the time of the accident he was acting within the scope of his employment or it was shown that the defendant Soo Line, in ordering its employee to report for work at a time and place under the conditions and circumstances, was negligent in that it should reasonably have anticipated and foreseen the harmful consequences which were the natural and probable result of its act, and that such negligence was the proximate cause of the injuries complained of by the plaintiff.

The trial court found that Dockter was not acting within the scope of his employment at the time of the accident, and that recovery must be had, if at all, on the negligence of the defendant Soo Line, and the jury was so instructed. No issue is raised on this finding. The defendant, however, alleges numerous specifications of error in support of its appeal, and these, or so many of these specifications as are necessary to determine the merits of this appeal, will be considered.

We first will consider the specification relating to claimed errors of the trial court in overruling the defendant's motion for a dismissal of the action, made at the close of the evidence after both parties had rested, and the overruling of defendant's motion for judgment notwithstanding the verdict or for a new trial. If the court erred in these matters, the judgment must be reversed and the other specifications of error which are alleged by the defendant become immaterial.

The defendant Soo Line Railway Company can be held liable to the plaintiff only if it has in some way failed to exercise that degree of care demanded by the circumstances. Gallagher v. Great Northern Ry. Co., 55 N.D. 211, 212 N.W. 839 (1927).

The term "negligence" is relative, and its application depends on the situation of the party and the degree of care that the circumstances reasonably impose. Halverson v. Zimmerman, 60 N.D. 113, 232 N.W. 754 (1930). Negligence is not actionable unless it was the proximate cause of the injury complained of. Clark v. Payne, 48 N.D. 911, 187 N.W. 817 (1922); McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235 (1951).

To constitute actionable negligence, there must be a causal connection between the negligence and the injury sustained; and for the negligence to be the proximate cause of the injury, the defendant must owe to the plaintiff a duty, and the injury to the plaintiff must have resulted as a direct consequence of the negligent breach of that duty. Bowers v. Great Northern Ry. Co., 65 N.D. 384, 259 N.W. 99, 99 A.L.R. 1443 (1935).

"Proximate cause" of an injury is a cause which in natural and continuous sequence, unbroken by any controlling, intervening cause, produces injury, and without which it would not have occurred. Olson v. Cass County Electric Co-operative, Inc., 94 N.W.2d 506 (N.D.1959).

Thus, to render the defendant liable, it must appear not only that the injury complained of was a natural and probable consequence of the negligent act of the defendant, but that such consequence ought reasonably to have been anticipated by a person of ordinary intelligence in the light of attending circumstances. Weck v. Los Angeles County Flood Control Dist., 80 Cal.App.2d 182, 181 P.2d 935 (1947).

"Proximate cause" arises when the injury is the natural and probable result of the negligent act or omission and must be of such character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not necessary that the person charged

with negligence should have foreseen the precise injury which resulted from his negligent act. Johnston v. City of East Moline, 405 Ill. 460, 91 N.E.2d 401 (1950).

■ One of the tests of "proximate cause" is the defendant's duty to reasonably foresee the consequence of his negligence. If the person had no knowledgeable ground to anticipate that his act would or might result in injury to anyone, the act is not negligent at all. But if the act is negligent, then the person guilty of it is liable for the natural, proximate, and probable consequences, whether he foresaw them or not. Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272 (1950).

■ Therefore, to warrant a finding that the negligence is a proximate cause of an injury, it must appear that the injury complained of was the natural and probable result of a negligent act and that it ought to have been foreseen by the defendant. An injury which could not have been foreseen or reasonably anticipated as a probable result of the act is not actionable. The law requires that a person reasonably guard against probabilities—not against all possibilities. The law will not hold a person liable for the unusual. Ulwelling v. Crown Coach Corp., 206 Cal.App.2d 96, 23 Cal.Rptr. 631 (1962).

The mere fact that an injury did result from a negligent act is not sufficient to create liability. Such result must have been probable. Liability cannot be based on some prior, remote cause which furnished the condition for the injury resulting from an intervening, unrelated, efficient cause. Pepsi-Cola Bottling Co. v. Von Brady, 386 P.2d 993 (Okl.1963). Thus a party is not chargeable with all possible consequences of his negligent act, and he is not responsible for a consequence which is possible according to occasional experiences. He is liable only for the consequences which are probable according to the ordinary, usual experiences of mankind.

■ In this case, the employee, Dockter, resided in Minot, approximately seventy miles from Harvey, where he was to report for work. He was given less than two hours to make the trip. It was snowing and blowing, and at times visibility was almost zero, while at other times it was fair. He was requested to report for work under these circumstances. Did the action of the Soo Line in requesting him to report for work constitute negligence, and, if so, was such negligent act the proximate cause of the accident which occurred? We believe that the act of the defendant in asking its employee to report for work was a remote cause, and not the proximate cause of the accident. It was an act which created a condition which was followed by an independent, unforeseeable act, that of the employee, Dockter, in trying to pass another car without due care, which caused the injury complained of. Even though the Soo Line's requesting the employee to report for work indirectly resulted in injury to the plaintiff, such injury was not a probable result of the defendant's order, but was only a possible result. Even where the negligence of a party results in injury to another, there can be no liability if the cause is remote and not a "proximate cause," as that term has been defined above. Tanzi v. New York Central R. Co., 155 Ohio St. 149, 98 N.E.2d 39 (1951).

■ Where the negligence complained of only creates a condition which thereafter is acted upon by a subsequent, independent, unforeseeable act which produces the injury—in this case, Dockter's trying to pass a vehicle on the highway when visibility was very poor—the original negligence is remote and not the proximate cause, even if the injury never would have happened but for the original negligence. Here, the collision would not have happened if the Soo Line had not requested Dockter to report for work, but that does not make the Soo Line liable for the remote result of its order. The term "proximate cause" contemplates an immediate

cause which in natural and probable sequence produces the injury complained of. It excludes the idea of legal liability based on speculative possibilities, or circumstances and conditions remotely connected with the events leading up to the injury. Mulder v. Tague, 186 N.W.2d 884 (S.D. 1971).

There were many cars on the highway on the day of the accident. If being on the road was so hazardous that merely driving on the highway under existing conditions and circumstances in itself was negligence, then the plaintiff's parents were negligent for venturing out under such conditions. Such a view, of course, would be untenable. Although the accident which occurred would not have occurred if the defendant Soo Line had not ordered Dockter to report for work, and although the accident which took place was possible, it was not a probable result of the act of the defendant; and an alleged wrongdoer is responsible only for the probable results of his wrongful act. We find that the yard clerk of the defendant could not reasonably have foreseen that the deceased would recklessly try to pass a car at a moment when visibility was poor and thus cause an accident. In other words, we conclude that there was no evidence upon which the jury could find that the action of the yard clerk in telephoning Dockter, the employee of the defendant, to report for work was the proximate cause of the accident. Liability cannot be based upon a prior remote cause which may have provided the conditions that resulted in injury, where the injury itself was the result of an intervening, unrelated cause, which in this case was the negligence of Dockter.

For reasons stated, the judgment of the trial court is reversed, and the complaint of the plaintiffs is ordered dismissed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.