Gary WEISS, Plaintiff,

v.

Rudy L. BELLOMY, Defendant, Third-Party Plaintiff, and Appellant,

v.

Kurt ERICKSON, Third-Party Defendant,

and

Paul Slusar, Third-Party Defendant and Appellee,

and

Paul SLUSAR, Third-Party Plaintiff,

v.

Bruce BURGESS, Third-Party Defendant.

Janice WEISS, Plaintiff,

v.

Rudy L. BELLOMY, Defendant, Third-Party Plaintiff, and Appellant,

v.

Kurt ERICKSON, Third-Party Defendant,

and

Paul Slusar, Third-Party Defendant and Appellee,

and

Paul SLUSAR, Third-Party Plaintiff,

v.

Bruce BURGESS, Third-Party Defendant.

Civ. Nos. 9508, 9510.

Supreme Court of North Dakota.

April 12, 1979.

Patrick R. Morley, of O'Grady & Anderson, Grand Forks, for defendant, third-party plaintiff, and appellant Rudy L. Bellomy.

Edward C. Gillig, of Vaaler, Gillig, Warcup, Woutat & Zimney, Grand Forks, for third-party defendant and appellee Paul Slusar.

VANDE WALLE, Justice.

Appellant Rudy Bellomy, a defendant in a tort action brought by Janice and Gary Weiss, commenced a third-party action, as a third-party plaintiff, against Paul Slusar.[1]

---

1. Additional persons were made third-party defendants in this lawsuit. Their participation, however, does not affect the merits of this appeal. Hence, in order not to becloud the issues we consider herein, we do not discuss these other parties and their procedural postures.

Bellomy appeals from the district court's summary judgment entered against him and in favor of Slusar. We affirm.

This case arises from an automobile accident involving at least five vehicles. On the evening of December 23, 1976, Gary Weiss drove his automobile in a westerly direction on Highway 2 over the Kennedy Memorial Bridge, which spans the Red River between East Grand Forks, Minnesota, and Grand Forks, North Dakota. While on the bridge, his automobile ran out of gasoline and coasted to a stop near the west end of the bridge. Weiss steered his vehicle to the righthand side of the road so that its tires on the passenger side almost touched the curb on the northern side of the bridge. At the point at which the automobile stopped, the bridge comprises four lanes, two eastbound and two westbound separated by a raised concrete divider. Testimony offered during deposition indicates that at the time of the accident the surface of the bridge was slippery.

Weiss turned on the parking lights of his vehicle,[2] and walked to a service station near the bridge on the Grand Forks side of the Red River to purchase gasoline for his disabled automobile. He returned to the vehicle with gasoline, but after pouring the fuel into the tank, he still could not start the engine because the vehicle's battery was dead. Weiss then walked back to the service station to employ a tow truck to tow his vehicle off the bridge. Neither that service station nor another one nearby was operating a tow truck that evening. Weiss then telephoned his wife for assistance and she agreed to aid him in a short time. He returned to his automobile and sat there awaiting the arrival of his wife.

Thereafter, Paul Slusar, driving a four-wheel-drive pickup truck from East Grand Forks to Grand Forks on the Kennedy Memorial Bridge, approached Weiss's stalled automobile. Slusar parked his truck ten to fifteen feet in front of Weiss's automobile, approached the vehicle, and offered to pull Weiss's automobile off the bridge with his truck through the use of a nylon tow rope that he carried with him in his truck. Weiss accepted Slusar's offer and both men returned to Slusar's truck. Finding the tow rope, Slusar held one end of it and handed the other end to Weiss so that each man could attach the end of the tow rope that he held to his respective vehicle. Slusar immediately attached his end by slipping it over the trailer-hitch ball on the rear of his truck. Weiss's attempt to attach the tow rope to his vehicle, however, required more effort. He had to drop to his hands and knees to search for a place under his vehicle to which to affix the tow rope. While in this position, his view of oncoming westbound traffic was obstructed.

Meanwhile, five persons, all members of the same bowling team, had been bowling in East Grand Forks. The five, each driving his own separate vehicle, left the bowling alley at approximately the same time, entered upon Highway 2, and headed for the Kennedy Memorial Bridge. As Slusar and Weiss attached the tow rope to their vehicles, the five bowlers' vehicles entered the bridge and approached them. Driving in the northern (outside) lane, Bruce Burgess's vehicle led the four others. Behind him, but in the southern (inside) lane was Al Srnsky's vehicle. Directly behind Burgess and across from Srnsky in the northern (outside) lane was the vehicle driven by Rudy Bellomy, the defendant and third-party plaintiff in this action. Kurt Erickson's vehicle followed immediately behind Bellomy in the northern (outside) lane. The fifth vehicle, Phil Buschette's, trailed far behind the other four vehicles.

Not until he drew near to Weiss's vehicle did Burgess realize that it was stalled. When he became aware that Weiss's automobile was not moving, he narrowly avoided it by steering his vehicle sharply to the left. After Burgess's vehicle swerved, Bellomy immediately realized that Weiss's automobile was stationary. Yet, because Srnsky's vehicle, traveling in the southern

---

2. Weiss's automobile was not equipped with emergency flashers.

(inside) lane, was directly across from him, he, unlike Burgess, was unable to switch lanes. Bellomy applied his brakes, but could not avoid a collision with Weiss's vehicle.

As the five automobiles entered the bridge and approached the parked vehicles, Weiss still was on his hands and knees attempting to connect the tow rope beneath his automobile. Slusar testified during his deposition that he knew that Weiss, while on his hands and knees, could not see approaching vehicles and therefore would be relying on him (Slusar) for a warning of approaching vehicles. Slusar also testified that he first noticed the bowlers' vehicles as they passed under the east end of the bridge's superstructure. He continued to observe them for a short time until he realized that the approaching vehicles presented a danger to both Weiss and himself.[3] He then immediately shouted, "Look out!" or "Watch out!" and safely lunged onto the sidewalk on the northern side of the bridge. When Weiss heard Slusar's warning, he immediately rose from his crouching position and attempted to jump onto the sidewalk. Before he reached safety, however, Bellomy's vehicle collided in the manner described above with the rear of Weiss's vehicle. The force of the collision propelled Weiss's vehicle forward and it struck Weiss's right leg as he leaped for the sidewalk.

Weiss and his wife commenced separate actions against Bellomy to recover for the injury Weiss suffered in the automobile accident. Thereafter, Bellomy commenced a third-party action against Slusar, arguing that Slusar was negligent in his attempt to aid Weiss and that this alleged negligence was the proximate cause of Weiss's injuries. After the parties conducted discovery, third-party defendant Slusar filed a motion for summary judgment in the third-party action commenced by Bellomy against him. Slusar argued that the evidence and inferences from the evidence established, first, that he was not negligent, and, second, that

if negligent, his negligence as a matter of law was not the proximate cause of Weiss's injury. After hearing argument on the motion, and considering the depositions of the persons involved in the accident, the district court granted a summary judgment in favor of Slusar and against Bellomy. The district court held that Slusar was required to exercise reasonable care in his attempt to aid Weiss. Yet, viewing the evidence and inferences from the evidence in a light most favorable to Bellomy, the district court concluded that Slusar had used reasonable care in his attempt to help Weiss. The district court did not reach the second ground advanced by Slusar in his motion for summary judgment.

The law of summary judgment in North Dakota is well settled and we therefore need not iterate the relevant legal principles. For a general summary, see *Winkjer v. Herr*, 277 N.W.2d 579 (N.D.1979); *Herman v. Magnuson*, 277 N.W.2d 445 (N.D. 1979). Although summary judgment is rarely appropriate in negligence actions [e. g., *Kirton v. Williams Electric Cooperative, Inc.*, 265 N.W.2d 702 (N.D.1978); *Sagmiller v. Carlsen*, 219 N.W.2d 885 (N.D.1974)], this court on occasion has affirmed district courts' summary judgments in negligence actions when no genuine issue as to a material fact remained [e. g., *Winkjer v. Herr, supra; Herman v. Magnuson, supra; Sande v. City of Grand Forks*, 269 N.W.2d 93 (N.D.1978)].

To establish that Slusar as third-party defendant is liable for Weiss's injury, Bellomy must show that Slusar owed a duty of care to Weiss, that Slusar breached that duty, and that Slusar's breach of duty was the proximate cause of Weiss's injury. E. g., *Moum v. Maercklein*, 201 N.W.2d 399 (N.D.1972).

■ We agree with the district court that Slusar, in his attempt to aid Weiss, owed Weiss a duty of reasonable care. One who assumes a duty, whether gratuitously or for consideration, must exercise reasonable care in the performance of that duty;

---

**3.** Although these events, when described on the printed page, appear to have unraveled slowly, they actually occurred within a very brief time span.

his failure to exercise reasonable care subjects him to liability for damage proximately caused thereby. See, e. g., *Isler v. Burman,* 305 Minn. 288, 232 N.W.2d 818 (1975). Here, Slusar had no obligation to help Weiss. When he undertook to aid Weiss, however, he was obligated to exercise reasonable care in the performance of that undertaking.

■ The issue in this appeal reduces, then, to whether Slusar exercised reasonable care in his attempt to aid Weiss. Most of the evidence surrounding the mishap is undisputed. A dispute remains, however, about the length of time that Weiss was on his hands and knees attempting to attach the tow rope to his car.[4] Because this is an appeal from a summary judgment, we must view the disputed evidence in a light most favorable to Bellomy. E. g., *Winkjer v. Herr, supra; Herman v. Magnuson, supra.* Hence, we must assume that Weiss was beneath his automobile for as long as two minutes prior to the accident—the maximum period of time mentioned during deposition. Yet, even viewing the evidence in this light, we conclude that the district court properly granted the motion for summary judgment.

Slusar testified during his deposition that he could estimate neither his distance from the five vehicles when he first saw them nor, apart from the descriptive yet vague term "fast," the exact length of time between his first awareness of the approaching vehicles and his recognition of the imminent collision. But, most important, he indicated that he warned Weiss of the impending collision as soon as the danger of that collision became apparent to him.

The only possible inference from Slusar's deposition testimony is that, in issuing the warning to Weiss without delay upon his realization of the danger, Slusar acted reasonably and satisfactorily performed the duty of care that he owed to Weiss. Thus Slusar made a prima facie showing that no genuine issue as to a material fact existed. At that point, in opposition to Slusar's motion for summary judgment, Bellomy should have produced any available evidence that tended to establish the existence of a genuine issue as to a material fact. See *Winkjer v. Herr, supra.* Examples of such evidence would include the distance between Slusar as he maintained his lookout and the point at which approaching vehicles would become visible to a person standing in Slusar's position, and the length of time that a vehicle traveling at approximately 40 miles per hour could travel from the point at which it would become visible to a person in Slusar's position to a point at which Weiss's vehicle was stalled. This evidence might have created arguable inferences that Slusar's warning was untimely, unreasonable, and therefore a breach of his duty to Weiss. Bellomy, however, neither produced any evidence to establish that Weiss had acted unreasonably nor declared

---

4. Bellomy urges that two other facts are also disputed. First, he argues that a dispute exists as to the length of time between Slusar's first awareness of the five approaching vehicles and his recognition of the danger that Bellomy's vehicle might collide with Weiss's vehicle. We have reviewed the evidence relating to this fact, which consists only of Slusar's deposition, and conclude that no dispute exists. During his deposition, Slusar testified that he could not estimate the length of this time period, but noted that it was "just fast." Slusar's testimony shows that this fact is not susceptible of precise determination. It does not, however, show the existence of a genuine issue as to that fact. Significantly, Bellomy offered no evidence in this regard and does not argue that the time period was something other than fast. Thus the district court's implicit finding that there was no genuine issue as to this fact, and

that the only possible inference from this fact was that Slusar was not negligent, was proper.

Bellomy also points out that neither party offered evidence to the district court about the length of the bridge on which the accident occurred. He seems to argue that the absence of this evidence establishes the existence of a genuine issue as to a material fact. We disagree. Evidence about the exact length of the bridge, while relevant, was not crucial. Slusar offered other evidence tending to indicate that his conduct was reasonable under the circumstances. If evidence of the length of the bridge shed light on the reasonableness of Slusar's conduct, Bellomy should have offered that evidence to the district court. After failing to do so, however, he cannot argue on appeal that his omission created a genuine issue as to a material fact.

in an affidavit that for stated reasons he could not present such evidence. Rule 56(f), N.D.R.Civ.P. Instead, he appears to have argued that his allegation of Slusar's negligence and Weiss's injury, taken together, establish the existence of a genuine issue so as to defeat the motion for summary judgment. Yet "an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided by Rule 56, NDRCivP, must set forth specific facts showing there is a genuine issue for trial. The party moved against cannot defeat a showing of no genuine issue of fact by a mere assertion that an issue of fact exists, but must back it up with a reasonable showing that sufficient evidence is available to justify trial." *Winkjer v. Herr, supra,* 277 N.W.2d at 583.

Finally, relying on *Sagmiller v. Carlsen, supra,* Bellomy argues that summary judgment was inappropriate because, to prove his case, he must rely on his cross-examination of Slusar, an adverse party. In both *Sagmiller v. Carlsen, supra,* and *Weidner v. Engelhart,* 176 N.W.2d 509 (N.D. 1970), cited by this court in *Sagmiller* in support of that decision, the movants supplemented their motions for summary judgment with affidavits that, they argued, established the nonexistence of a genuine issue as to a material fact. In both cases, parties opposing the motions appear to have never received the opportunity to cross-examine the affiants about the contents of their affidavits. Here, unlike those cases, Slusar does not base his motion for summary judgment primarily on affidavits. Moreover, Bellomy cross-examined the movant Slusar by deposition. These factors distinguish this case from *Sagmiller* and *Weidner* and remove it from the rule enunciated in those cases.

We therefore decide, as the district court did, that the evidence and inferences from the evidence lead to but one conclusion— that Slusar acted reasonably in his attempt to aid Weiss. Thus we conclude that the district court properly granted Slusar's motion for summary judgment.[5]

Affirmed.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.

---

5. Because we have affirmed the district court's summary judgment based on the first ground advanced by Slusar, we do not address the issue of proximate cause.