Doris KNORR and Arthur Knorr, Plaintiffs and Appellees,

v.

K–MART CORPORATION, a corporation of Troy, Michigan, Defendant and Appellant.

Civ. No. 9807.

Supreme Court of North Dakota.

Nov. 21, 1980.

Rehearing Denied Dec. 19, 1980.

Kenner, Halvorson & Sturdevant, Minot, for plaintiffs and appellees; argued by Harris P. Kenner, Minot.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendant and appellant; argued by William A. Strutz and Steven A. Storslee, Bismarck.

ERICKSTAD, Chief Justice.

The defendant, K-Mart Corporation, appeals from an order of new trial given by the trial court after a verdict was returned in K-Mart's favor. We reverse the order and remand the case with directions to reinstate the jury's verdict.

This tort action arose when the plaintiff, Doris Knorr, was seriously injured after she tripped and fell in the patio section of the Minot K-Mart store. The undisputed facts are that Knorr fell while she was attempting to cross a row of display frames approximately eight inches high which she admitted were not meant for customer traffic. Ten frames were placed in a row approximately 40 feet long. The guidelines sent by K-Mart indicated that it was recommended that only four frames be placed in a row which would create rows 16 feet long. Knorr testified that she tripped on a metal rod which ran across the frames to strengthen them.

A special verdict form [1] was given to the jury which required them to indicate (1) whether or not K-Mart was negligent and (2) whether or not such negligence, if any, was the proximate cause of Knorr's injury. If either question was answered no, the

---

1. "The Jury is requested to answer the following questions:

"1. Was there any negligence on the part of K-Mart Corporation?

<u>    Yes    </u>
(Yes or No)

"2. Was the negligence, if any, on the part of K-Mart Corporation the proximate cause of any damages sustained by Doris Knorr?

<u>    No    </u>
(Yes or No)

"3. Was there contributory negligence on the part of the plaintiff Doris Knorr?

_____
(Yes or No)

"4. Was the contributory negligence, if any, on the part of Doris Knorr the proximate cause of any damages sustained by Doris Knorr?

_____
(Yes or No)

"(If you have answered 'No' to either Question 1 or Question 2, do not answer any other questions, and return your verdict to the Court.

If you have answered 'Yes' to Question 2, then proceed to answer the following question.)
"5. Taking the total negligence which caused the injury to plaintiff to be 100%, what percentage of such negligence was attributable to:

(A) K-MART CORPORATION?  ANSWER ____%
(B) DORIS KNORR?           ANSWER ____%
      TOTAL                      ____%

"The total must add up to 100% unless you find no negligence on the part of any of the above.

"(The fact that the Court lists the names of the plaintiff Doris Knorr and the defendant in the above A and B is no intimation by the Court as to how you should answer these questions. You have the right to insert zero, 10%, 20%, 100% or any other percentage you find and conclude to be the proper percentage of negligence or contributory negligence which was a proximate cause of the injury to the plaintiff. The Court wants to make plain that the Court is not suggesting to you any of your answers. The total percentage of negligence, if any, and contributory negligence, if any, must add up to 100% unless you find no negligence on the part of any of the above parties.)"

jury was to return the form without attempting to answer any other questions. The form also contained questions as to Knorr's negligence and a section in which the jury could compare the negligence of Knorr and K–Mart. The verdict returned by the jury indicated that they found that K–Mart was negligent, but that such negligence was not the proximate cause of Knorr's injury. The remainder of the form was left blank in accordance with the trial court's instructions. In its memorandum opinion granting Knorr's motion for a new trial, the trial court stated:

"In the record of this case there is a total absence of any subsequent, independent, or unforseeable act. No other inference or finding can be made by the Court but that the jury erred in not finding proximate cause and continuing in their deliberations to pro--rate any contributory negligence. The injury involved here is of the type to be forseen if, as the jury found, there is negligence on the part of the defendant. *Peterson vs. Plaza*, [Minn.] 89 N.W.2d 712. Therefore, plaintiff's action cannot be a subsequent, independent, or unforseeable act. It appears to the Court that the jury's verdict on proximate cause is against the weight of the evidence and a new trial should be granted. Therefore, under the provisions of Rule 59(b)6 I find that the evidence is insufficient to sustain the verdict, and they are hereby granted a new trial, said trial to be scheduled at the next subsequent jury term of this Court."

■ As we said in *Cook v. Stenslie*, 251 N.W.2d 393, 395 (N.D.1977):

"We begin with the undisputed premise that a motion for new trial made under Rule 59(b), North Dakota Rules of Civil Procedure, is addressed to the sound discretion of the trial court, and the trial court's action in granting such a motion will not be disturbed on appeal unless a manifest abuse of discretion is shown. [Citations omitted.]

\*   \*   \*   \*   \*   \*

"The power of the trial court to exercise its discretion on this motion must be clearly distinguished from our power on appeal, which is limited to a determination of whether grant of the motion was an abuse of discretion." 251 N.W.2d at 395.

■ To reverse an order granting a new trial requires a stronger showing of the trial court's abuse of discretion than to reverse an order denying a motion for a new trial. "Accordingly, we require a strong showing by the appellant, on whom the burden rests, to demonstrate that manifest abuse of discretion existed on the part of the trial judge in granting the motion for a new trial." *Cook v. Stensile, supra*, 251 N.W.2d at 396.

■ When considering whether or not the trial court erred in granting a new trial on the basis of the insufficiency of the evidence, the evidence must be viewed in the light most favorable to the verdict. *Hamre v. Senger*, 79 N.W.2d 41, 48 (N.D. 1956).

The trial court's question on negligence and proximate cause asked, "Was there negligence on the part of K–Mart Corporation that was a proximate cause of the injury to the plaintiff, Doris Knorr?" During a conference in chambers, K–Mart's counsel suggested that this question be separated into two questions.[2] The court ac-

---

2. "MR. STORSLEE: Going down your Special Findings, your verdict form, Your Honor, we submit that the first question should be broken up into a two–part question as I have submitted on my proposed verdict form.

"THE COURT: I have got, 'Was there negligence on the part of K–Mart Corporation that was a proximate cause of the injury to the plaintiff Doris Knorr?'

"MR. STORSLEE: It should be, 'Was there any negligence on the part of K–Mart Corporation?'

"THE COURT: In other words, you contend there could be negligence that did not result in an injury?

"MR. STORSLEE: Very definitely. There are two separate issues and especially in this case.

"MR. KENNER: The evidence doesn't relate to anything other than the rod.

cepted the suggestion. One question was designed to determine if K-Mart was negligent, and the other was designed to determine if the negligence, if any, was the proximate cause of the injury to the plaintiff. At that point, the trial court apparently believed that there could be negligence without proximate cause and that without a finding of both there could be no liability on the part of K–Mart.

■ The issues of negligence and proximate cause were properly separated as Knorr had the burden of proving the four basic elements of a tort: (1) that there was a duty of care owed to her, (2) that K–Mart breached that duty (negligence), (3) that she was injured, and (4) that the breach of duty was the proximate cause of her injury. *Weiss v. Bellomy*, 278 N.W.2d 119, 121 (N.D. 1979); *Moum v. Maercklein*, 201 N.W.2d 399, 402 (N.D.1972). *See also* William L. Prosser, Law of Torts, pp. 143–44 (4th ed. 1971). "Negligence is not actionable unless it was the proximate cause of the injury complained of." *Moum v. Maercklein, supra*, 201 N.W.2d at 402.

In *Moum*, this court reversed the judgment entered by the trial court as it was determined that the defendant's actions were not the proximate cause of the plaintiff's injury. Discussing proximate cause, we said, " 'Proximate cause' of an injury is a cause which in natural and continuous sequence, unbroken by any controlling, intervening cause, produces injury, and without which it would not have occurred." 201 N.W.2d at 402.

■ In its memorandum opinion, the trial court asked a rhetorical question which frames this entire issue. "Is it necessary

that there be intervening, subsequent, independent cause to vitiate proximate cause after negligence is found?" It appears that the trial court determined that once a breach of duty (negligence) is found, in the absence of a subsequent, independent or unforeseeable act the proximate cause necessarily follows from that breach. This is incorrect. Negligence and proximate cause are separate elements and each must be proved. *Moum v. Maercklein, supra* 201 N.W.2d at 402; *Vanderweyst v. Langford*, 303 Minn. 75, 228 N.W.2d 271 (1975). [For a discussion of negligence, proximate cause, and intervening causes, *see Chicago, M., St.P., & P.R.Co. v. Johnston's Fuel Liners, Inc.*, 122 N.W.2d 140 (N.D.1963).]

■ The question of whether or not a party's negligence is a proximate cause of an injury is normally for the jury. *Chicago, M., St.P. & P.R.Co. v. Johnston's Fuel Liners, Inc., supra*; *Jasper v. Freitag*, 145 N.W.2d 879, 882 (N.D.1966); *Vanderweyst v. Langford, supra* 228 N.W.2d at 272.

In reversing a trial court's award of summary judgment for the defendants, we said:

"We believe that on the facts in this case, it is for the jury to determine whether the negligence of the defendant was the proximate cause of the plaintiff's injuries . . . ." *Wolff v. Light*, 156 N.W.2d 175, 182 (N.D.1968).

■ As we have previously stated, when determining whether or not a motion for a new trial should be granted when it is alleged that the evidence is insufficient to support the verdict, "the trial court has a certain margin of discretion within which to weigh the evidence, it may not act as a

"THE COURT: 'Was a proximate cause of the injury,' let me show a correction. It will be changed to 'any' injury to the plaintiff Doris Knorr. I think that covers it. What is your comment, Mr. Kenner?

"MR. KENNER: I think it covers it.

"MR. STORSLEE: Maybe I could put it on the record. Sometimes in a case you do not have the difference between negligence and proximate cause, as in the common automobile accident, negligence and proximate cause are really not separate. The injuries result from the accident. There are not two separate is-

sues. In this case K-Mart could have been negligent. The jury could find K–Mart negligent, for example, having a rod in their box, that might be negligence. On the other hand, the proximate cause of the injury would be Mrs. Knorr stepping into the box, having nothing to do with the mere existence of the rod.

"THE COURT: Mr. Storslee, you have just about convinced me of the merits of breaking that down. I will break up question number one as he has worded there. It will be broken down as question number 1 and number 2 of the Special Findings."

'thirteenth juror'.... The trial court must have a specific reason for granting the new trial." *Regan Farmers Union Co–op. v. Swenson*, 253 N.W.2d 327, 332 (N.D.1977).

■ In this case, the reason given by the trial court is that Knorr's negligence could not be a subsequent, intervening act as she is the plaintiff, and under the comparative negligence statute her negligence should have been weighed against K–Mart's negligence under the comparative section of the special verdict form.[3] This assumes that once negligence is found that liability is incurred unless some intervening cause prevents the negligence from being the cause of the injury. That is not the law. Negligence and proximate causation are separate factors in assigning tort liability. *Vanderweyst v. Langford, supra*, 228 N.W.2d at 272.

The Supreme Court of Wisconsin has stated "that a finding of cause will not automatically flow from a finding of negligence." *Fondell v. Lucky Stores, Inc.*, 85 Wis.2d 220, 270 N.W.2d 205, 209 (1978). In *Fondell*, the trial court sent the jury back to determine proximate cause after the jury returned a special verdict which found that both plaintiff and defendant were negligent, but that the negligence of neither was the proximate cause of the injury resulting from a slip and fall. On its second verdict, the jury determined that the defendant's negligence was the proximate cause of the injury. On appeal, the court determined that it was not inconsistent for the jury to find both parties negligent, but such negligence not the cause of the injuries, and reversed the trial court and reinstated the first verdict. 270 N.W.2d at 210. In *Fondell*, the facts were that a bottle of liquid cleaner had been broken in a store and allegedly cleaned up by a store employee. It was disputed whether or not there was any remaining substance on the floor where the plaintiff slipped and fell. These facts are sufficiently similar to the facts in this case and illustrate that, in the state which initiated the comparative negligence law, determination of the basic tort element of proximate cause is still an issue even when negligence is found.

In the case at bar, there is nothing inconsistent about finding K–Mart negligent and then determining that such negligence is not the proximate cause of Knorr's injuries.

Relative to the finding of negligence, in reviewing the evidence in the light most favorable to the verdict, the jury could have determined K-Mart's negligence to have been a number of things, including the design of the frame, failure to follow K–Mart guidelines, leaving the frames empty for a period of time, or K -Mart's failure to warn. Relative to the finding that the negligence was not the proximate cause, the jury could have concluded that the injury to Mrs. Knorr would have occurred regardless of the negligence of K -Mart.

"Issues of negligence, proximate cause, and contributory negligence ordinarily are questions of fact for the trier of fact unless the evidence is such that reasonable minds can draw but one conclusion." *Miller v. Trinity Medical Center*, 260 N.W.2d 4, 6 (N.D.1977). We do not find the evidence such that reasonable minds could reach but one conclusion. In granting the new trial on the basis of its erroneous interpretation of the law of proximate cause, the trial court manifestly abused it discretion. *Regan Farmers Union Co-op. v. Swenson, supra*, 253 N.W.2d at 332.

For the reasons stated in this opinion, we conclude that the trial court abused its discretion in granting a new trial. The order granting the new trial is reversed and the case is remanded with directions to reinstate the jury verdict.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

---

**3.** If the jury had found K–Mart's negligence to be the proximate cause of Knorr's injuries, she could have been denied recovery under Section 9–10–07 of the North Dakota Century Code if her negligence was determined to have been as great as K–Mart's negligence. In this case, however, the statute is inapplicable as K–Mart's negligence was determined not to have been the proximate cause of Knorr's injuries and no comparison was required.