**Carl M. HADRA, Plaintiff,**

v.

**HERMAN BLUM CONSULTING ENGINEERS, a Texas Corporation, Defendant.**

**Civ. A. No. CA–3–75–1041–D.**

United States District Court,
N. D. Texas,
Dallas Division.

March 10, 1977.

Marvin Johnson, P.C., Phoenix, Ariz., for plaintiff.

Neal E. Young, Tobolowsky & Schlinger, Dallas, Tex., for defendant.

## ORDER

ROBERT M. HILL, District Judge.

The motion of the plaintiff to strike the defendant's responses to requests for admissions came on for consideration before the Honorable Robert M. Hill, United States District Judge. The court has considered the motion and enters the following ORDER:

The defendant shall submit to the court within twenty-one (21) days of entry of this order a list of all admissions sought by the plaintiff and denied or objected to by the defendant. With respect to each admission the defendant shall describe the evidence presently known to it which serves as a basis for disputing the admission. Any such admission which the defendant cannot contest with substantial evidence will be deemed admitted by the court in a subsequent ORDER.

This latest discovery quarrel between the litigants raises the vexatious problem of how to treat untimely answers to requests for admissions. The plaintiff filed these requests on October 21, 1976. The defendant's attorney responded in a letter on December 14, 1976, that answers to these requests for admissions as well as to outstanding interrogatories would be forthcoming after a key employee returned from Iran. The thirty days for response under Federal Rules of Civil Procedure had passed, and the plaintiff's lawyer countered that he considered all the requests to be admitted. The plaintiff then moved to strike the defendant's denials to the majority of the requests, which denials were filed January 13, 1977. Some of these requests seek admissions about key evidentiary issues pertaining to the plaintiff's cause of action for wrongful breach of an employment contract.

This court is reluctant to see Rule 36 procedures serve as a snare for the unwary. It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed. This is especially true if the opposing party is not prejudiced by allowing untimely responses. *French v. U. S.*, 416 F.2d 1149 (9th Cir. 1969). (The plaintiff in this case would not be prejudiced by permitting late filing of answers). Yet too liberal sufferance by the court of a litigant's sloth would undermine a valuable policy furthered by Rule 36(a)—the elimination of uncontested issues and expedition of trial.

The court must strike a balance between the interests of justice and diligence in litigation. Since the parties have had ample opportunity for discovery in this lawsuit, they should now be somewhat familiar with the issues in dispute. The defendant's failure to comply with Rule 36(a) makes it fair to shift to it the burden to now show the court which of its denials are supported by substantial evidence. This procedure will prevent suppression of the action's merits while encouraging the defendant to be responsible in complying with the Federal Rules of Civil Procedure.