FARMERS ELEVATOR COMPANY OF
HORACE, Plaintiff and Appellant,

v.

Melvin NAGEL and Clayton Runck, Jr.,
Defendants and Appellees.

Civ. No. 9939.

Supreme Court of North Dakota.

June 25, 1981.

Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for plaintiff and appellant; argued by Daniel L. Wentz, West Fargo.

Overboe & Reiten, West Fargo, for defendants and appellees; argued by Nolan Holo, West Fargo.

PAULSON, Justice.

The Farmers Elevator Company of Horace appeals from an order issued by the District Court of Cass County on December 19, 1980, which vacated a judgment entered in the Elevator's favor on May 12, 1980, and set aside a jury verdict in the Elevator's favor. The court granted Clayton Runck, Jr.'s motion for a new trial on the basis of newly discovered evidence and on the basis

that the evidence was not sufficient to support the verdict of the jury. The Elevator has also appealed from the district court's order which denied the Elevator's motion for summary judgment and the order of the district court which did not allow the Elevator to use admissions made by Runck as evidence at the trial. We affirm.

On May 3, 1976, Kenneth Hatlestad, the general manager of the Elevator, received a telephone call from someone whom he believed to be Runck's hired man or employee who requested that the Elevator prepare fertilizer for purchase. On or about May 5, the fertilizer was loaded onto a semi-truck and trailer. The driver of the semi-truck informed Hatlestad that the fertilizer and chemicals should be charged to the account of Arlington Growers and Sales, Inc., a corporation organized by Melvin Nagel, who is also its principal shareholder. Uncertain as to who actually was purchasing the fertilizer and chemicals, Hatlestad placed both Runck's name and the corporate name (Arlington Growers and Sales, Inc.) on the sales tickets as "Arlington Grower & Sales, c/o Clayton Runck, Durbin, No. Dak. 58023". A bill and an invoice were sent to Runck which indicated that the cost of the fertilizer and chemicals was $4,022. Hatlestad was aware of the fact that the fertilizer was delivered to Arlington Growers and Sales, Inc. in Minnesota.

Runck appeared at the Elevator in order to pay for the items and presented a check signed by Nagel which was drawn on the Royal Bank of Canada, Belize City, Belize (formerly British Honduras). When questioned as to whether or not the check would be honored, Runck assured Hatlestad that it would be honored and he wrote "U. S. Funds" on the check. The check was later dishonored.[1] Subsequently, Nagel sent four $1,000 checks to the Elevator in an attempt to pay for the fertilizer but all four checks were dishonored. Hatlestad had requested that Runck urge Nagel to "make good" the checks.[2] The Elevator commenced this action on February 16, 1978, against both Nagel and Runck. Because Nagel failed to appear at a deposition scheduled for February 26, 1980, the Elevator presented a motion to compel Nagel to appear at the deposition and an order to this effect was issued by the district court on April 16, 1980. Nagel and Runck were served with interrogatories and requests for admissions, but they initially did not respond. Apparently, Runck did not receive the interrogatories and requests for admissions because his attorney did not send them to the correct address in the Federal penitentiary, where Runck was incarcerated at the time. Runck filed a reply to the requests for admissions on May 1, 1980.

---

1. Nagel wrote the following letter to the Elevator and enclosed checks for payment on the fertilizer (Defendant's Ex. 11):

> "Melvin Nagel
> "Box 486
> "Arlington, MN 55307
>
> "August 2, 1976
>
> "Horace Elevator
> Horace, North Dakota
> "Dear Sir:
> "As per our payable due your company for Fertilizer, We issued a check to Clayton Runck drawn on our bank in Belize City, Honduras. At that time we were in Business in Belize but we finished and closed our account for the year and never realized his check was still outstanding. We now are sending a replacement drawn on our bank in Minnesota for payment on Fertilizer.
> "Sincerely,
> "/s/ Melvin Nagel
> "Melvin Nagel
> Arlington Growers & Sales
> "MN/pb

2. Hatlestad wrote the following letter to Runck (Defendant's Ex. 12):

> "HORACE FARMERS ELEVATOR COMPANY
> "Kenneth Hatlestad, Mgr.
> "Phone 282–0208
> "Horace, North Dakota 58047
> [Handwritten]
> "Dear Clayton
> "Would it be possible for you to get in contact with Arlington Growers and see if you can get them to make some of the checks good that they gave us?
> "Sincerely yours
> "Kenneth Hatlestad"

Because Nagel did not respond to the interrogatories or requests for admissions and Runck submitted only a late reply to the requests for admissions, the Elevator presented a motion for summary judgment against Runck and also a motion for sanctions against Nagel for failure to comply with the district court's order compelling discovery proceedings to be conducted. The district court struck Nagel's answer for his failure to comply with the court's order and entered a default judgment against him. The district court denied the motion for summary judgment as to Runck.

A jury trial was scheduled to begin on April 28, 1980, but the court delayed the trial in order to afford counsel for Runck an opportunity to procure the release of Runck from the Federal Penitentiary in Leavenworth, Kansas, in order to allow him to attend the trial. Runck's counsel indicated to the court that the trial could proceed in Runck's absence. The district court did allow Runck to submit a response to the Elevator's requests for admissions on May 1, 1980, which was the second day of the trial, and denied the Elevator's request to use Runck's failure to submit a response to the requests for admissions prior to trial as constituting facts conclusively admitted against Runck.

The jury awarded $4,022 to the Elevator and found Runck liable for the purchase of the fertilizer. The district court allowed costs and disbursements of $184.30 and interest on the judgment in the amount of $945.17, for a total amount of $5,151.47. Judgment was entered on May 12, 1980, against both Nagel and Runck and the court awarded to the Elevator and against Nagel $250 for attorney fees. On August 16, 1980, Runck submitted to the district court a motion for an order setting aside the jury verdict and vacating the judgment, and for a new trial. The basis for the motion was Runck's assertion that newly discovered evidence existed which could not with reasonable diligence have been discovered and produced at the trial. The evidence, which was obtained by taking the post-trial deposition of Nagel, revealed that the debt owed to the Elevator for the fertil-

izer and chemicals was solely the debt of Arlington Growers and Sales, Inc., and Nagel. On November 28, 1980, the district court denied Runck's motion for judgment notwithstanding the verdict but did grant Runck's motion for a new trial.

Three issues are presented for our consideration:

1. Whether or not the district court abused its discretion in setting aside the verdict of the jury, vacating the judgment in the Elevator's favor, and granting Runck a new trial.

2. Whether or not the district court abused its discretion in denying the Elevator's motion for summary judgment.

3. Whether or not the district court abused its discretion by allowing Runck to submit a response to the Elevator's requests for admissions during the trial.

I

The first issue is concerned with whether or not the district court abused its discretion in setting aside the verdict of the jury, vacating the judgment in the Elevator's favor and granting a new trial to Runck. The district court granted the new trial by relying upon Rules 59 and 60 of the North Dakota Rules of Civil Procedure which provide, in pertinent part:

"RULE 59—NEW TRIALS—AMENDMENT OF JUDGMENTS

"(a) . . .

"(b) Causes for new trial. The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

. . . . .

"4. Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

. . . . .

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

.        .        .        .        . . ."

"RULE 60—RELIEF FROM JUDGMENT OR ORDER

.        .        .        .        .

"(b) Mistakes—Inadvertence—Excusable neglect—Newly Discovered evidence —Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . ."

■ Our review of the district court's action is limited to determining whether or not the district court committed an abuse of discretion. *Cook v. Stenslie*, 251 N.W.2d 393 (N.D.1977); *Hoge v. Hoge*, 281 N.W.2d 557 (N.D.1979). An "abuse of discretion" on the part of the trial court in granting or denying a new trial is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *Hoge v. Hoge, supra*; 11 Wright & Miller, Federal Practice and Procedure: Civil §§ 2803, 2818, and 2857. The various grounds asserted by Runck which justify the district court's action include: 1) newly discovered evidence; 2) insufficiency of the evidence; 3) excusable neglect; and 4) lack of attendance by Runck at the trial.

The alleged newly discovered evidence consists of testimony by Nagel that he was solely responsible for the payment on the fertilizer and chemicals sold to Arlington Growers and Sales, Inc., and that Runck was never an agent of Nagel. The district court concluded that the evidence could not with reasonable diligence have been discovered and produced at the trial because Nagel could not be located by Runck.

■ Although we seriously question whether or not Runck had exercised reasonable diligence in attempting to obtain the new evidence before trial, we conclude that the district court did not abuse its discretion in ordering a new trial because the evidence was insufficient to support the jury's verdict.[3] The only evidence presented by the Elevator which demonstrated that Runck had any connection with the purchase of the fertilizer was Hatlestad's testimony concerning Runck's attempt to pay for the fertilizer with a check signed by Nagel. Runck did not endorse the check and was not an accommodation party on the check. Hatlestad testified that Runck's "hired man" placed the telephone call order but Hatlestad could not identify the party placing the order. In addition, the driver of the semi-truck and trailer gave Hatlestad a note which informed Hatlestad that the purchase should be charged to "Arlington Growers".

The Elevator based its contention on the fact that the district court stated in its memorandum opinion that "there was sufficient evidence so that a decision by the jury could be made for either party"; however, in the preceding sentence, the district court stated that "the verdict herein is against

---

**3.** In its memorandum opinion on Runck's motion for a new trial, the district court stated that Runck's counsel diligently tried to locate Nagel but was unable to do so. However, Runck's counsel made no attempt to obtain Nagel's deposition until after the trial and did not conduct any discovery proceedings prior to the trial. Runck asserted that he was aware of the Elevator's attempts to depose Nagel and because these attempts were unsuccessful he chose not to conduct discovery proceedings. Runck did request a six-month continuance of the trial to allow himself time, after he was released from the penitentiary, to attend the trial. Runck made no attempt to obtain a continuance of the trial to enable him to locate Nagel and procure his evidence.

Evidence which does not tend to prove a fact or condition existing at or prior to the time of trial does not constitute newly discovered evidence. *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324 (N.D.1975); *Piper v. Piper*, 239 N.W.2d 1 (N.D.1976). The newly discovered evidence must be material. *Kodekey Electronics, Inc. v. Mechanex Corp.*, 486 F.2d 449 (10th Cir. 1973). The evidence must be admissible. *Murdock v. United States*, 160 F.2d 358 (8th Cir. 1947).

the weight and sufficiency of the evidence". We agree with Runck's contention that the district court's memorandum opinion omitted the language which would have correctly indicated that a decision by the jury could *not* be made for either party and we base our conclusion on the fact that the evidence presented at the trial was insufficient to justify a jury verdict against Runck and the district court relied upon this ground in ordering a new trial. See, generally, *Johnson v. Monsanto Co.*, 303 N.W.2d 86 (N.D.1981); *Knorr v. K-Mart Corp.*, 300 N.W.2d 47 (N.D.1980).

■ The district court also relied upon excusable neglect and Runck's lack of attendance at the trial as bases for ordering a new trial. These grounds are not contained in Rule 59(b), N.D.R.Civ.P., but excusable neglect is a basis for relieving a party from a final judgment under Rule 60(b)(1); and lack of attendance at trial may fall within the meaning of Rule 60(b)(6), N.D.R.Civ.P., as a "reason justifying relief from the operation of the judgment". See, however, *In Interest of F. H.*, 283 N.W.2d 202 (N.D. 1979). Because of our conclusion that the evidence was insufficient to justify the jury's verdict and that the district court did not abuse its discretion in ordering a new trial, we find it unnecessary to examine the alternative grounds which the district court used to grant relief from the judgment.[4]

## II

The second issue is concerned with whether or not the district court abused its discretion in denying the Elevator's motion for summary judgment. We will consider this issue and the third issue together, because of the interdependence of the issues. The Elevator's motion for summary judgment was premised on the fact that Runck had failed to comply with Rule 36, N.D.R. Civ.P., which concerns requests for admissions. Runck's counsel had difficulty forwarding the requests for admissions and interrogatories upon his client because they

were mailed to an incorrect address. On April 29, 1980, one day before trial began, Runck's counsel obtained the responses to the requests for admissions by contacting Runck at the penitentiary. The Elevator's contention is based upon the provision of Rule 36(a), N.D.R.Civ.P., which provides:

"RULE 36—REQUESTS FOR ADMISSION

"*(a) Request for admission....*

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons and complaint upon him...."

The Elevator contends that the district court abused its discretion in allowing the amendment of the requests for admissions during the trial. The district court's action allowing the amendment resulted in a denial of the Elevator's motion for summary judgment because the answers to the requests for admissions established a genuine issue of material fact for the consideration of the jury. While the facts in this case differ from those in *Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D.1980), we believe that the reasons enunciated in the case for allowing a late response to requests for admissions apply with equal force to the instant case where the answers to the requests for admissions were not served upon the Elevator within the prescribed period because the requests for admissions were mailed to an incorrect address to a defendant who was incarcerated.

---

**4.** For a new trial to be granted under Rule 59, N.D.R.Civ.P., the evidence must pertain to facts in existence at the time of the trial, and not to facts that occur subsequently. As to facts subsequently occurring, relief may be obtained under Rule 60(b), N.D.R.Civ.P.

The court has the authority to allow additional time for a response to be served to the requests for admissions even after the time fixed by the rule has expired. Thus, the court may allow what would otherwise be an untimely answer. *Yunghans v. O'Toole*, 224 Kan. 553, 581 P.2d 393 (1978); *Rutherford v. Bass Air Conditioning Co.*, 38 N.C.App. 630, 248 S.E.2d 887 (1978). The general test is whether or not the admission should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request. *Marshall v. District of Columbia*, 391 A.2d 1374 (D.C.Ct.App. 1978); *United States v. Cannon*, 363 F.Supp. 1045 (D.C.Del.1973). Excusable neglect has also been used to allow additional time for a response to requests for admissions to be filed. *Palzer v. Serv-U-Meat Co.*, 419 P.2d 201 (Alaska 1966).

The Elevator argues that it was prejudiced by the district court's action because it had prepared for trial in reliance upon the requests for admissions and was forced to incur the costs and expenses of the jury trial. We believe that the district court did not abuse its discretion because Rule 36, N.D.R.Civ.P., allows the court to permit late responses to requests for admissions and because the Elevator did not suffer undue prejudice by the late response. The Elevator's requests for admissions concerning Runck were basically directed at establishing that Runck was the agent of Nagel; that Runck did not disclose that he was purchasing the items on Nagel's behalf; that Runck arranged for transportation of the fertilizer; and that Runck induced the Elevator to believe that Runck would be responsible for and would guarantee payment on the purchase of the fertilizer.

An affirmative response to the above requests for admissions would have obviated the need for a jury trial because Runck would have admitted liability for the purchase of the fertilizer. Runck denied his liability for the purchase in his answer and in a deposition taken on May 4, 1978. We fail to see how the failure to answer the conclusory requests for admissions prejudiced the Elevator, especially in view of Runck's consistent denials on the very questions which the Elevator sought to establish in the requests for admissions.

While an affirmative response to the requests for admissions would have cleared the way for summary judgment, the district court's action was in concert with the view that technical considerations should not be allowed to prevail to the detriment of substantial justice and that the rule is to be liberally construed. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2252. The circumstances surrounding Runck's incarceration and inability to appear at the trial, coupled with the fact that the requests for admissions were sent to an incorrect address, serve to support the district court's action and no abuse of discretion occurred.

For reasons stated in this opinion, the order of the district court which denied the Elevator's motion for summary judgment and denied the use of admissions (which were made by Runck as a result of his failure to submit a timely response to the requests for admissions) as evidence at the trial is affirmed; and the order setting aside the verdict of the jury, vacating the judgment, and ordering a new trial is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.