Deborah D. BERGEMANN,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 84–2051.

United States Court of Appeals,
Tenth Circuit.

June 9, 1987.

Randall B. Aiman-Smith (Thomas G. Smith of Sterns, Smith, Walker, Pesonen & Grell, with him, on the brief), San Francisco, Cal., for plaintiff-appellant.

Jonathan M. Stern (Richard K. Willard, Acting Asst. Atty. Gen., Robert N. Miller, U.S. Atty., Denver, Colo., and James P. Piper, Sr. Aviation Counsel, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., with him, on the brief), for defendant-appellee.

Before McKAY, BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Mark Dunkle was killed in a mid-air collision of two small aircraft over Loveland, Colorado. Deborah Bergemann, claiming that she was the common law wife of Mark Dunkle, brought a wrongful death action in a state court of Colorado against Sky's West Parachute Center, Inc., a Colorado corporation, and Air U.S., also a Colorado corporation, the owners and operators of the two planes involved in the collision. On petition by Sky's West, the case was removed to the United States District Court for the District of Colorado on the ground that the basis for Bergemann's action was the Federal Aviation Act of 1958. Later, Air U.S. filed a third-party complaint against the United States, and, still later, Bergemann filed an amended complaint in which it added the United States as a party defendant. By amended answer, the United States on April 18, 1984, denied, *inter alia,* Bergemann's claim that at the time of Dunkle's death she was his common law wife.[1]

At some point in the proceedings, the several defendants agreed not to contest the liability for simple negligence but re-

---

**1.** The United States filed an answer to the original complaint on June 1, 1981.

served the right to try all other issues.[2] Included in the reserved issues was the question of whether Bergemann was the common law spouse of Dunkle at the time of the latter's death. A request to allow a jury to determine Bergemann's marital status before trying the issue of money damages was granted.

On January 10, 1984, Bergemann, pursuant to Fed.R.Civ.P. 36, served the United States with 57 requests for admission. Each of the 57 requests for admission provided that if the response was other than an unqualified "admit," numerous interrogatories in connection with each of the 57 requests should be answered. Request Number 57 asked the United States to admit that at the time of the air collision "a valid common law marriage existed under Colorado law between Dunkle and Deborah Bergemann." The United States did not answer this request for admissions within 30 days after service, as required by Rule 36, nor at any time thereafter.

On April 20, 1984, counsel for Bergemann filed a motion for default and for partial summary judgment against the United States on the issue of liability. The motion for default was based on the fact that the United States had not filed an answer to the amended complaint. The basis for the motion for partial summary judgment was that the United States, having already agreed that its negligence caused or contributed to the mid-air collision, by its failure to answer Request Number 57, was deemed, under Rule 36(a), to have admitted that a common law marriage existed between Bergemann and Dunkle on the date of the latter's death. In that motion, counsel stated that the request for admissions made on January 10, 1984, was mailed to James P. Piper at his correct mailing address at the Department of Justice in Washington, D.C.

On May 2, 1984, the United States filed a motion in opposition to Bergemann's motion for partial summary judgment. In that motion the United States stated that it had never received Bergemann's requests for admission, nor had it been advised by any of the other defendants, or by anyone else, of the existence of such requests. However, the United States indicated in its response that it was then in possession of a copy of the requests for admission and was in the process of answering them.

Attached to the response of the United States was the affidavit of James P. Piper, the Senior Aviation Counsel, Civil Division, United States Department of Justice. In the affidavit Piper stated that he first received Bergemann's requests for admission on April 17, 1984, when a copy of that request was attached to Bergemann's motion for summary judgment and that the records of the Department did not reflect any earlier receipt of such requests.

After several court hearings, which will be later examined more closely, the district court denied Bergemann's motion for summary judgment in her favor on the common law marriage issue. In denying the motion, the district court found that the United States had not received the original request, that the request had admittedly not been served on co-defendants in the case, as required by Fed.R.Civ.P. 5, that counsel for the United States had not been alerted by inquiry from any of other counsel in the case concerning the requests for admission, that the issue of common law marriage, or not, was the only real remaining issue in the case, and then, for all those reasons, denied the motion. Thereafter, the issue of whether Bergemann was the common law wife of Dunkle at the time of the latter's death was tried to a jury, which found that she was not Dunkle's common law wife.

Bergemann now appeals the district court's order denying her partial summary judgment on the common law marriage issue. Bergemann's position is that the district court erred in denying her summary judgment and that, notwithstanding the adverse verdict returned by the jury, she is still entitled to summary judgment in her favor on the matter. She requests that the

---

**2.** It appears that Sky's West and Air U.S. agreed to contribute the proceeds of their respective insurance policies totaling $11,000,000 and the United States agreed to assume all liability in excess of $11,000,000, to meet all obligations arising out of the collision.

case be remanded for trial for the fixing of damages only. Her counsel, at oral argument, candidly conceded that this is indeed an instance where Bergemann is seeking to "win what she lost by jury verdict" because the "government didn't file a piece of paper." We don't believe the rules are that rigid, and we are disinclined to grant Bergemann a victory on an issue which was resolved adversely to her by a jury after full hearing on the merits. The law sometimes works in strange ways, but not in this case.

A review of the several court proceedings leading up to the district court's denial of plaintiff's motion for partial summary judgment will put the present controversy in context. On April 13, 1984, the district court held a status hearing, at which time Bergemann was represented by both local and out-of-state counsel. At that particular hearing, the United States was represented by a representative from the local office of the United States Attorney. Air U.S. was also represented at this hearing. Sky's West was not represented at this hearing, and, apparently, it was not as of that time an active party to the proceeding.

At the April 13 hearing it was brought out that the United States had not as of that time filed an answer to Bergemann's amended complaint, though it had earlier filed an answer to Bergemann's initial complaint. At this time, there was ensuing colloquy between the judge and counsel about the fact that the United States (but not Air U.S.) had failed to file an answer to the amended complaint. The judge suggested that Bergemann file a motion for default against the United States. Counsel indicated he would so file, and opposing counsel responded with comment that default cannot generally be entered against the United States. Only brief reference was made at this hearing by Bergemann's counsel to the fact that the United States had not responded to Bergemann's requests for admission. This particular hearing ended with the understanding that Bergemann would file any motions deemed appropriate. Comment by the trial judge indicated that all concerned knew that, absent any favorable action on whatever mo-

tions were subsequently filed by Bergemann, there would be a forthcoming trial on the issue of whether there was a common law marriage between Bergemann and Dunkle.

Shortly after the April 13 hearing, Bergemann filed, on April 20, 1984, a motion for default and partial summary judgment against the United States. On April 18, 1984, the United States filed an answer to the amended complaint wherein it denied, *inter alia*, the existence of any common law marriage. As indicated, on May 2, 1984, the United States filed a response to Bergemann's motion for default and for partial summary judgment.

In this setting, there was another status hearing held on June 14, 1984, at which time Bergemann, Air U.S., and the United States were all represented, the latter by James P. Piper, who was not present at the April 13 hearing. At this point in time the United States had filed an answer to the amended complaint, and Bergemann conceded that her motion for a default had become moot.

Colloquy thereafter ensued concerning service of the requests for admission, Bergemann's counsel stating that it was properly mailed, and counsel for the United States stating that he had never received the requests, and, while conceding that "anything could have happened," stated that the "docket sheet we maintain did not reflect its showing up."

It was at this hearing that counsel for Air U.S. advised the trial court that comparable requests for admission had been served on Air U.S. and had been timely answered by Air U.S., which answers, *inter alia*, denied a common law marriage. However, counsel for Air U.S. stated that he had not been served with a copy of the requests for admission served on the United States, and that had he been served, he would have monitored the situation to be sure that the United States answered the requests, counsel commenting that Air U.S. and United States were both defendants in the case and had "similar interests." In

this regard, counsel for Bergemann agreed that through "oversight" copies of the requests served on the United States had not been served on Air U.S. or the other defendants.

At the conclusion of this hearing on June 14, the district court took the matter under advisement. However, the parties were quite aware that the district court was still planning on a trial to a jury on the issue of common law marriage, at least as concerns Air U.S., and possibly as to the United States also, depending on its ruling on the motion for partial summary judgment. Discussion ensued concerning whether the bifurcated trial on the common law marriage issue and the ensuing trial on damages should be to the same jury, whereupon the hearing ended.

At the hearing on the following day, June 15, 1984, the district judge, believing that, under all the circumstances he had discretion in the premises, denied the motion for partial summary judgment against the United States, stating that he was doing so "in the interest of justice," and for the specific reasons set forth above. Additionally, the district judge stated that he believed Bergemann's counsel that the requests had been mailed, but at the same time had no reason to disbelieve counsel for the United States when he asserted that he had never received the requests. This hearing concluded with an understanding that trial on the common law marriage issue would commence the following Monday, presumably as to both Air U.S. and the United States.

This appeal is from an order denying Bergemann's motion for partial summary judgment against the United States. The latter makes no challenge to the appealability of such order. Summary judgment is not proper unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). On the record before the district judge when he denied Bergemann's motion for partial summary judgment, there most certainly was a genu-

ine issue on a very material fact, i.e., whether there was a common law marriage between Deborah Bergemann and Mark Dunkle on the date of the latter's death. If there was such a marriage, Deborah Bergemann was entitled to an award of damages. If there was no marriage, she was entitled to nothing.

Bergemann's position in this court is basically that because the United States failed to answer the requests for admission, particularly Request Number 57, the United States, under Fed.R.Civ.P. 36(a), is deemed to have admitted that there was a common law marriage between Bergemann and Dunkle, and that such admission, under the circumstances of this case, is conclusive and continues to this date. We disagree.

Rule 36(b) does provide that any matter admitted under Rule 36 is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Unanswered requests for admission are deemed admitted. *Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C.Cir.1981); *Luick v. Graybar Electric Co.*, 473 F.2d 1360, 1362 (8th Cir.1973). However, that same Rule 36(b) goes on to provide that the district court may permit such withdrawal or amendment "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him [or her] in maintaining his action or defense on the merits." Bergemann's rejoinder to Rule 36(b) is that any withdrawal or amendment of an admission may only be "on motion," and that the United States did not file any motion.

We think Bergemann's argument is overly technical and does not recognize the reality of the situation. The United States did file a motion objecting to Bergemann's motion for partial summary judgment, and an attachment thereto was the affidavit of Piper concerning non-receipt of the requests for admission. Two separate hearings were held in connection with the mo-

tion for summary judgment and the United States' motion opposing summary judgment. From our reading of the transcript of those hearings, the principle issue discussed at those hearings was whether the United States should be held to, or relieved from, any admission that there was a common law marriage between Bergemann and Dunkle. Thus both the response to Bergemann's motion for summary judgment and the recorded pre-trial hearings in this case were, in essence, motions to withdraw the admissions.

The district judge, after reflection and careful analysis of the matter, denied the motion for partial summary judgment, and, in so doing, necessarily granted the United States relief from any admission that there was a common law marriage between Bergemann and Dunkle. In this latter regard, we find no abuse of discretion as Rule 36(b) permits withdrawal where it promotes a decision on the merits while not prejudicing the party who obtained the admission. We find no prejudice in this case. Bergemann clearly knew defendants challenged the existence of a common law marriage. Both parties anticipated a bifurcated trial, allowing the issue of the marriage to be determined prior to any issues relating to damages. The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required. *Brook Village North Ass'n v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir.1982).

Judgment affirmed.