**FARM CREDIT BANK OF OMAHA (formerly The Federal Land Bank of Omaha), Plaintiff and Appellee,**

v.

**Mary Ann E. McLAUGHLIN, John H. McLaughlin and the Mary McLaughlin Trust, Glidden, Iowa, Defendants and Appellants.**

Civ. No. 910062.

Supreme Court of North Dakota.

Aug. 28, 1991.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee; argued by Steven A. Johnson.

Yuill, Wold, Johnson & Feder, Fargo, for defendants and appellants; argued by J. Philip Johnson.

ERICKSTAD, Chief Justice.

Mary McLaughlin, John McLaughlin, and the Mary McLaughlin Trust [hereinafter "the Trust"] appeal from a district court summary judgment voiding certain real estate transfers to the Trust and dismissing the action against John in his individual capacity. We reverse that part of the judgment voiding the transfers, affirm that part of the judgment dismissing John in his individual capacity, and remand for trial on the merits.

In July 1985 the Trust was established, with the children of John and Mary as beneficiaries. John serves as the trustee. On July 26, 1985, Mary deeded two commercial properties located in North Dakota to the Trust.

In 1986, Farm Credit Bank of Omaha ["Farm Credit"] was awarded judgment in an Iowa court against John, Mary, and others for the amount due on a promissory note. A substantial portion of that judgment remains unpaid.

Farm Credit brought this action in 1988, seeking to set aside the transfers to the Trust as fraudulent. John was sued in both his individual capacity[1] and as trustee. While this action was pending, John and Mary divorced.

Farm Credit's action is premised upon Chapter 13–02.1, N.D.C.C., the Uniform Fraudulent Transfer Act. The provisions relevant to this appeal state:

"*13–02.1–04. Transfers fraudulent as to present and future creditors.*

"1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

"a. With actual intent to hinder, delay, or defraud any creditor of the debtor...."

"*13–02.1–05. Transfers fraudulent as to present creditors.*

"1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

In their answers to Farm Credit's complaint, John, Mary, and the Trust denied that the transfers were made with actual intent to defraud creditors and denied that Mary was insolvent either before or after the transfers.

In July 1989 Farm Credit served Mary with interrogatories, requests for production of documents, and requests for admissions, by mailing them to Mary's old Iowa address and to an address in Phoenix, Arizona.[2] In September 1989 Farm Credit served a second set of requests for admissions. When it received no response, Farm Credit moved for an order to compel responses to the interrogatories and the requests for production of documents. Farm Credit explains that it did not include the request for admissions in the motion to compel because of the provisions of Rule 36, N.D.R.Civ.P., by which a party who fails to timely respond to a request for

---

1. John and Mary were married at the time of the transfers and at commencement of this action. Farm Credit explains that John was sued individually because under Iowa law each spouse has a dower interest in the other's property.

2. At that time Mary was not represented by counsel.

admissions is deemed to have admitted those matters.

On October 25, 1989, the court ordered that Mary respond to the interrogatories and requests for production of documents and pay $250 in attorney's fees. The order required compliance within ten days, and warned that default judgment would be entered if Mary failed to respond. When Mary did not respond, the court on April 19, 1990, granted a further extension until May 18, 1990, for Mary to comply with discovery. Again, the court warned that default judgment would be entered if Mary failed to comply. On May 15, 1990, Mary served responses to the interrogatories, requests for production of documents, and requests for admissions.

Believing that Mary's responses to its discovery requests were wholly inadequate, Farm Credit on August 23, 1990, moved for summary judgment against Mary or, alternatively, for default judgment for discovery violations under Rule 37, N.D.R.Civ.P. Mary[3] filed a brief opposing the motion and an affidavit, in which she stated that she had not been living at either the Iowa or the Arizona address to which the discovery requests had been mailed, but had been living at another address in Phoenix at that time. She stated that she responded promptly when she finally received the discovery requests.

On September 17, 1990, the district court issued its order granting the motion for summary judgment. The court's order notes that the time for response to discovery had been extended, but then inexplicably states that "the requests for admissions have not been answered." No mention is made of Mary's May 15 responses to the requests for admissions. The court granted summary judgment:

"This Court had granted an extension of time to Mary Ann E. McLaughlin within which to respond and which she did not take advantage of, therefore,

there being no response it appears there is no factual dispute and plaintiff is entitled to Summary Judgment as against Mary Ann E. McLaughlin and the Court grants plaintiff's motion for Summary Judgment."

In its order for judgment, the court noted that Mary had failed to timely respond to the first set of requested admissions and failed to respond at all to the second set of requested admissions. The court therefore deemed admitted all matters therein, including all of the essential elements of Farm Credit's claim of fraudulent transfer. Specifically, the court deemed admitted that Mary had transferred the property to the Trust with actual intent to defraud creditors, and that Mary was insolvent at the time of the transfer.

Farm Credit next moved for summary judgment against the Trust, arguing that the court's previous ruling against Mary established that the transfers were fraudulent, and that no issues of material fact existed regarding any other possible defenses. The Trust opposed the motion, arguing that the previous ruling against Mary did not preclude it from raising the issues of intent and insolvency. The Trust also asserted that it had given "reasonably equivalent value" for the transfers and thus had a defense under Section 13–02.1–08(1), N.D.C.C.[4] The court concluded that there was no issue of material fact regarding the Trust's claim that it had given "reasonably equivalent value" and granted the motion for summary judgment. The court did not address the Trust's assertion that it could raise the issues of intent and insolvency.

Farm Credit then moved to dismiss its claims against John in his individual capacity because, due to the divorce, he no longer had any potential interest in the property. The court granted the motion to dismiss.

---

**3.** At this point, Mary was represented by counsel.

**4.** Section 13–02.1–08(1), N.D.C.C., provides:
   "*13–02.1–08. Defenses—Liability—Protection of transferee.*

"1. A transfer or obligation is not voidable under subdivision a of subsection 1 of section 13–02.1–04 against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."

Final judgment was entered on January 31, 1991, declaring the transfers null and void, and dismissing all claims against John individually. John, Mary, and the Trust appeal.

Initially we note that there appears to be some confusion regarding the precise nature of the judgment entered against Mary. Both parties have cited cases discussing appellate standards for reviewing default judgments entered as sanctions for discovery violations under Rule 37, N.D.R.Civ.P. Farm Credit's brief includes an entire section arguing that the judgment is sustainable as a discovery sanction. The parties may have been misled into believing this was a default judgment under Rule 37 by the district court's prior admonition that it would entertain a motion for a default judgment and by language in the September 17, 1990 order granting Farm Credit's motion for judgment which focused upon Mary's failure to comply with discovery orders.

A review of the record, however, particularly the September 24, 1990 order for judgment and the January 31, 1991 final judgment, shows that the basis for the judgment against Mary was the court's conclusion that Mary, by failing to timely respond to requests for admissions, had effectively admitted the matters contained therein. The court accordingly determined that no issues of material fact remained and entered a summary, not a default, judgment.[5]

Mary asserts that the district court erred in granting summary judgment based upon her "deemed" admissions. We agree.

■ In her brief in opposition to Farm Credit's motion for summary judgment, Mary argued that she had filed responses to the requests for admissions, although untimely, and urged that the matters should not be deemed admitted absent a showing of prejudice to Farm Credit. Mary's brief and affidavit also explained that Mary did not receive the requests when originally served because she was not at that time residing at either of the two addresses to which the requests were mailed. The court did not specifically address Mary's arguments but summarily concluded that all relevant elements of Farm Credit's claim were deemed admitted and granted summary judgment.

Rule 36(b), N.D.R.Civ.P., authorizes withdrawal or amendment, on motion, of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will be prejudicial in maintaining the action or defense on the merits." In construing the requirement that withdrawal be "on motion," courts of other jurisdictions interpreting similar rules have held that technical compliance is not required. *E.g., Bergemann v. United States*, 820 F.2d 1117, 1120–1121 (10th Cir.1987); *W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co.*, 8 Haw.App. 354, 802 P.2d 1203, 1209 (1990); *Gary Municipal Airport Authority District v. Peters*, 550 N.E.2d 828, 831 (Ind.Ct. App.1990); *see also* 4A Moore's Federal Practice ¶ 36.08 (1991).

*Bergemann, supra*, presented a factual situation markedly similar to this case. The plaintiff had served requests for admissions covering the essential elements of her claim. When the defendant failed to respond, the plaintiff moved for summary judgment. The defendant responded to the motion for summary judgment and its counsel filed an affidavit stating that he had not received the requests for admissions until receiving a copy attached to the

---

5. Even if we were to treat the judgment as a default judgment entered as a discovery sanction under Rule 37, N.D.R.Civ.P., we would reverse. "Dismissal of an action or entry of a default judgment as a sanction for discovery abuse should be imposed only if there is a deliberate or bad faith non-compliance which constitutes a flagrant abuse of or disregard for the discovery rules." *Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 50–51 (N.D.1988). We have cautioned that sanctions must be tailored to the severity of the misconduct, and entry of default judgment should be used sparingly, and only in extreme situations. *Vorachek, supra*, 421 N.W.2d at 51. The record in this case would not support imposition of the harsh sanction of entry of default judgment.

motion for summary judgment. The plaintiff asserted that the defendant was bound by its "deemed" admissions under Rule 36, F.R.Civ.P., because it had not filed a motion to withdraw them. The Court of Appeals disagreed, concluding that the plaintiff's argument "is overly technical and does not recognize the reality of the situation." *Bergemann, supra,* 820 F.2d at 1120. The court held that the defendants' response to the motion for summary judgment was, "in essence," a motion to withdraw the admissions. *Bergemann, supra,* 820 F.2d at 1121. *See also Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1313 (8th Cir.1983) (request to file late response to requests for admissions equivalent to a motion to withdraw the admissions); *W.H. Shipman, supra,* 802 P.2d at 1209 (request to permit late filing of responses to requests is the equivalent of a motion to withdraw admissions under Rule 36); *Gary Municipal Airport, supra,* 550 N.E.2d at 831 (Rule 36 "does not require a motion for relief under it to be denominated in any particular manner. Merely by challenging deemed admissions and asking for an extension of time to respond, a party satisfies the requirement of T.R. 36(B) that a party move to withdraw or amend deemed admissions.").

■ We believe that the district court in this case should have treated Mary's brief and affidavit in opposition to the motion for summary judgment as a motion to withdraw or amend her deemed admissions. We have previously noted in a similar case involving application of Rule 36 that "technical considerations should not be allowed to prevail to the detriment of substantial justice and that the rule is to be liberally construed." *Farmers Elevator Co. of Horace v. Nagel,* 307 N.W.2d 580, 586 (N.D.1981); *see also* 8 Wright & Miller, Federal Practice and Procedure: Civil § 2252 (1970). In this case, Mary was obviously challenging the truthfulness of the deemed admissions. She had attempted to respond to the requests for admissions when she finally received them, and denied each allegation therein. When served with the motion for summary judgment, she again challenged the deemed admissions

and asserted material issues of fact. Under these circumstances, a liberal, non-technical application of Rule 36 required that the district court treat Mary's responses as a motion to withdraw or amend her deemed admissions.

■ Had the district court properly treated Mary's responses as a motion to withdraw or amend her deemed admissions, it would have been required to apply the two-part test of Rule 36(b), N.D.R.Civ.P., which provides that withdrawal is permissible "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will be prejudicial in maintaining the action or defense on the merits." *See Farmers Elevator, supra,* 307 N.W.2d at 586; *Farr Man & Co., Inc. v. M/V ROZITA,* 903 F.2d 871, 876 (1st Cir.1990); *Smith v. First National Bank of Atlanta,* 837 F.2d 1575, 1577 (11th Cir.1988); *Bergemann, supra,* 820 F.2d at 1121; *Gutting, supra,* 710 F.2d at 1313; *Dahle v. Aetna Casualty and Surety Insurance Co.,* 352 N.W.2d 397, 402 (Minn.1984); 4A Moore's Federal Practice, *supra,* ¶ 36.08. Although the determination to permit withdrawal or amendment of admissions lies within the discretion of the trial court, that discretion must be exercised within the parameters drawn by the two-part test of Rule 36(b). *Farr Man & Co., supra,* 903 F.2d at 876. The district court in this case did not treat Mary's response as a motion to withdraw or amend admissions and did not apply the two-part test. Although we would ordinarily remand to the district court for reconsideration applying the appropriate standard, on the record in this case we conclude that allowance of withdrawal was required under the appropriate application of Rule 36(b). *See W.H. Shipman, supra,* 802 P.2d at 1210.

The first prong of the test requires consideration of whether the presentation of the merits will be subserved thereby. Professor Moore construes this language to favor allowance of withdrawal "if it will facilitate the development of the case in reaching the truth, as in those cases where

a party's admissions are inadvertently made." 4A Moore's Federal Practice, *supra*, ¶ 36.08; *see also Farr Man & Co.*, *supra*, 903 F.2d at 876. A lengthier, but enlightening, explanation of this prong is provided in *Gary Municipal Airport*, *supra*, 550 N.E.2d at 831:

"The question of precisely what constitutes 'subserving presentation of the merits' in a practical sense has received little attention by our courts. 'Subserve' is defined as 'to promote the welfare or purposes of' or 'to serve as a ... means in carrying out'. *Webster's Ninth New Collegiate Dictionary*, 1176 (1985). Placing the definition in the context of the T.R. 36(B) test, the burden is on the moving party to show how withdrawal or amendment of the admissions would assist in reaching a just resolution of the action on its merits. With regard to this, the federal courts have held that this burden is clearly met when the effect of denying a motion to withdraw and amend would 'practically eliminate any presentation of the merits.' *Westmoreland v. Triumph Motorcycle Corp.* (D.Conn. 1976), 71 F.R.D. 192, 193. In *Pleasant Hill Bank v. United States* (W.D.Mo. 1973), 60 F.R.D. 1, it was held that the end result of denying a motion to withdraw where key controverted issues are inadvertently or negligently admitted is an unjustified suppression of the merits, and therefore that presentation of the merits is subserved by permitting withdrawal in such cases. As stated in *Hadra v. Herman Blum Consulting Engineers* (N.D.Tex.1977), 74 F.R.D. 113, 'it does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline was missed.' *Id.* at 114. In fact, the federal courts have taken the position that where the party which acquired the admissions cannot demonstrate prejudice, the trial court *should* extend permission to withdraw and amend. *Marshall v. District of Columbia*, [391 A.2d 1374, (1978)] *supra; see also Asea, Inc. v. Southern Pacific Transportation Co.* (9th Cir.1981), 669 F.2d 1242, 1248 ('In a proper case ... such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal.')."

■ The record in this case demonstrates that this first prong has been met. Here the admissions were inadvertently made, resulting from the apparent failure to receive the requests when they were originally served. Furthermore, the effect of denying the motion to withdraw would wholly eliminate any presentation of the merits, as evidenced by the resulting entry of summary judgment. We conclude that allowing withdrawal would subserve presentation of the merits in this case.

■ The second part of the Rule 36(b) test requires that Farm Credit demonstrate that it will be prejudiced by withdrawal. In its reply brief supporting its motion for summary judgment and its brief on appeal, Farm Credit asserts it will be prejudiced if the admissions are withdrawn because of the resultant delay in completion of this action. However, a majority of this court has held that mere delay, without more, is not the type of prejudice contemplated by the rule. *Latendresse v. Latendresse*, 294 N.W.2d 742, 748 (N.D.1980).

The cases universally hold that the prejudice contemplated by the rule is not simply that the party who obtained the admission must now convince the fact finder of its truth, but rather relates to the difficulty a party may face in proving its case, such as unavailability of key witnesses or sudden need to obtain evidence on matters previously admitted. *See, e.g., Latendresse*, *supra*, 294 N.W.2d at 747–748; *Farr Man & Co.*, *supra*, 903 F.2d at 876; *Bergemann*, *supra*, 820 F.2d at 1121; *Gutting*, *supra*, 710 F.2d at 1314; 4A Moore's Federal Practice, *supra*, ¶ 36.08. This record does not demonstrate that Farm Credit will be prejudiced in presenting the merits of its action if withdrawal of the admissions is permitted.

■ One final consideration supports our decision that withdrawal is required in this case. We are mindful of Mary's assertion that her failure to timely respond to the

requests for admissions was due to the fact that she did not receive them when they were originally served. Farm Credit has presented no relevant evidence to contradict the contents of Mary's affidavit in this regard. We were presented with a similar situation in *Farmers Elevator, supra.* In that case, the requests for admissions were served upon defendants' counsel. Counsel attempted to forward the documents to the defendant, who was incarcerated in a federal prison, but they were mailed to an incorrect address and the defendant did not receive them. In concluding that withdrawal was appropriate, we stressed that, in applying Rule 36, "technical considerations should not be allowed to prevail to the detriment of substantial justice and that the rule is to be liberally construed." *Farmers Elevator, supra,* 307 N.W.2d at 586.

Refusal to permit withdrawal of the admissions under the facts of this case would be wholly inconsistent with substantial justice. We conclude that the district court should have treated Mary's response to the motion for summary judgment as a motion to withdraw her deemed admissions, and that the motion to withdraw should have been granted. Because the summary judgment is based entirely upon the deemed admissions,[6] the trial court accordingly erred in granting summary judgment against Mary.[7]

The summary judgment entered against the Trust was premised upon the court's prior grant of summary judgment against Mary. Because Mary's deemed admissions are withdrawn and the summary judgment against her is reversed, there remains no underpinning for the summary judgment against the Trust. Accordingly, the summary judgment against the Trust must also be reversed.[8]

Finally, John asserts that the district court erred in dismissing the action against him in his individual capacity. Farm Credit has explained that, because John and Mary are now divorced, John no longer has any possible interest in the property. John has offered no cogent argument why he should remain in the lawsuit. We conclude that the court did not err in dismissing Farm Credit's claim against John in his individual capacity. Of course, John continues as a party in his capacity as trustee of the Trust.

That part of the judgment voiding the transfers is reversed. That part of the judgment dismissing Farm Credit's claim against John in his individual capacity is affirmed. We remand to the district court for a trial on the merits.

VANDE WALLE and MESCHKE, JJ., and DOUGLAS B. HEEN and ROY A. ILVEDSON, Surrogate Judges, concur.

DOUGLAS B. HEEN and ROY A. ILVEDSON, Surrogate Judges, sitting in place of LEVINE and GIERKE, JJ., disqualified.

---

6. Farm Credit has not argued that summary judgment would be sustainable without the admissions. Mary's affidavit and other discovery material clearly raise material issues of fact regarding intent to defraud and insolvency.

7. Farm Credit asserts that in any event the second set of requests, which Mary did not respond to, should be deemed admitted. The second set of requests consisted of two requested admissions, tracking the language of questions from the first set but relating to the Mandan property. The same reasons which require that Mary be allowed to withdraw the first set of deemed admissions apply to the second set. Mary's failure to respond to the second set of requests does not alter the fact that the presentation of the merits would be subserved by allowing withdrawal and that Farm Credit has failed to demonstrate prejudice.

8. Our resolution of the dispositive issues makes it unnecessary to address the separate issues raised regarding the grant of summary judgment against the Trust.