**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CAROL MASTERSON,

    Plaintiff - Appellant,

v.

NATIONSTAR MORTGAGE, LLC;
DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee for the Residential
Accredit Loans, Inc. Mortgage
Asset-Backed Pass-Through Certificates,
Series 2007-QH1, Series 2005-QA13,
Series 2006-QA1, Series 2006-QA10,
Series 2006-QS14, Series 2007-QA3,
Series 2007-QA8, Series 2007-QS1;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

    Defendants - Appellees.

No. 19-4146
(D.C. No. 2:18-CV-00196-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Carol Masterson, appearing pro se, appeals from the district court's summary judgment ruling that rejected her mortgage-related claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Ms. Masterson borrowed about $1.4 million in 2006 to buy a house in Park City, Utah. To obtain the loan, she executed a note and a deed of trust. This appeal stems from Ms. Masterson's attempts to (1) render the loan unsecured by obtaining a declaration that the deed of trust is void; and (2) avoid Defendants' future collection efforts by obtaining a declaration that they have no interest in the loan.

Ms. Masterson agreed in the deed of trust that the "[n]ote or a partial interest in the [n]ote (together with [the deed of trust]) can be sold one or more times without prior notice." R. Vol. 1 at 178. She also agreed that her lender could transfer the loan's servicing rights. To facilitate transfers of beneficial ownership, the parties appointed Defendant Mortgage Electronic Registration Systems, Inc. (MERS) as the trust deed's beneficiary.[1]

---

[1] We have previously described the role MERS plays:

MERS is a private electronic database that tracks the transfer of the beneficial interest in home loans. MERS was designed to avoid the need to record multiple transfers of the deed by serving as the nominal record holder of the deed on behalf of the original lender and any subsequent lender. MERS is designated in the deed of trust as a "nominee" for the lender and the lender's successors and assigns as well as the "beneficiary" of the deed. MERS thus holds legal title to the security interest. If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is recorded only in the MERS database, not in county records, because MERS continues to

In accordance with the deed of trust, beneficial interests in the loan and servicing rights thereto changed hands several times between 2007 and 2012. A MERS summary in the record "documents the complete chain of title and transactional history of the [b]eneficial [o]wnership as well as the transfer of [s]ervicing [r]ights of [Ms. Masterson's] loan since inception." R. Vol. 1 at 150; *see also* Aplt. Opening Br. at 27. The summary shows Defendant Deutsche Bank Trust Company Americas holds the beneficial interests in Ms. Masterson's loan and Defendant Nationstar Mortgage, LLC holds the servicing rights.

Ms. Masterson brought this suit in 2018. She sought a declaration deeming the deed of trust void *ab initio* for a variety of reasons, most relating to the deed of trust's appointment of MERS as the beneficiary. And she sought a declaration that none of the Defendants had "any right or interest in [Ms. Masterson's] [n]ote, [d]eed of [t]rust, or the property which authorizes them, in fact or as a matter of law, to collect [her] mortgage payments or enforce the terms of the [n]ote or [d]eed of [t]rust in any manner whatsoever." R. Vol. 1 at 153. She also brought claims seeking damages for alleged (1) violations of the Truth in Lending Act (TILA), Pub. L. No. 90-321, 82 Stat. 157 (1968) (current version at 15 U.S.C. §§ 1601–1667f),

---

hold the deed on the new lender's behalf. Thus, no recordation takes place unless the trust deed is transferred to an entity that is not a member of MERS.

*Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.1 (10th Cir. 2011) (citations and internal quotation marks omitted).

3

resulting from Defendants' failure to record assignments of the deed of trust to non-MERS members;[2] (2) violations of the Real Estate Settlement Procedures Act of 1974 (RESPA), Pub. L. No. 93-533, 88 Stat. 1724 (current version at 12 U.S.C. §§ 2601–2617), resulting from Defendants' failure to provide notice that servicing rights to the loan had been transferred;[3] (3) violations of RESPA resulting from Defendants' failure to timely and appropriately respond to her inquiries;[4] (4) negligent misrepresentation; and (5) intentional infliction of emotional distress. She further sought an accounting.

Defendants filed a motion for summary judgment, and Ms. Masterson filed a cross-motion for summary judgment. In her summary judgment motion, Ms. Masterson alleged that Defendants failed to respond to her requests for admission. She argued that the court should deem the applicable facts conclusively established under Fed. R. Civ. P. 36(a)(3) and rely on them to grant summary

---

[2] The relevant subsection provides: "[N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641(g)(1).

[3] RESPA requires "[e]ach servicer of any federally related mortgage loan [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). It also requires "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred [to] notify the borrower of any such assignment, sale, or transfer." *Id.* § 2605(c)(1).

[4] RESPA provides that loan servicers must respond within 30 days to certain qualified written requests made by borrowers. *See* 12 U.S.C. § 2605(e)(2).

4

judgment in her favor. Defendants responded by asserting in a sworn statement that they never received the requests for admission and explicitly denying each of them.

The magistrate judge recommended granting Defendants' motion for summary judgment and denying Ms. Masterson's cross-motion for summary judgment. With respect to Defendants' motion, he found the deed of trust valid and enforceable based in part on the presumed validity of a recorded deed of trust under Utah law. *See* Utah Code Ann. § 57-4a-4(1). He rejected Ms. Masterson's request for a declaration that none of the Defendants had an interest in, or the right to enforce, the note or deed of trust because the undisputed facts showed that Deutsche Bank owned a beneficial interest in the loan and that Nationstar held the servicing rights. He further found that the evidence did not support Ms. Masterson's TILA and RESPA claims. And he rejected Ms. Masterson's negligent misrepresentation, intentional infliction of emotional distress, and accounting claims as a matter of law.

The magistrate judge found that Ms. Masterson's cross-motion for summary judgment failed to establish any genuinely disputed issues of material fact. Regarding Ms. Masterson's requests for admission, he concluded that even if the court deemed the facts described therein admitted, it should still reject Ms. Masterson's claims because those facts do not support viable claims for relief.

Ms. Masterson filed an objection to the report and recommendation. She claimed the magistrate judge erred by (1) applying the presumptions of validity in Utah Code Ann. § 57-4a-4(1) to the deed of trust despite a disclaimer on the county recorder office's website stating it cannot verify the accuracy of online records;

5

(2) finding no genuine dispute of fact as to the ownership of her loan; (3) finding that Nationstar notified her when it became her loan servicer; and (4) ruling against her despite Defendants' failure to respond to her requests for admission and their failure to file a motion seeking to withdraw any deemed admissions.

The district judge overruled Ms. Masterson's objections and adopted the report and recommendation. He found, among other things, that Ms. Masterson's evidence attached to her complaint "track[ed] each transfer of both the beneficial interest and the servicing rights" in and to the loan. R. Vol. 2 at 171. Regarding Ms. Masterson's requests for admission, he concluded that Defendants effectively withdrew any potential admissions.

## II.  DISCUSSION

### A.  *Scope of the Appeal*

Ms. Masterson presents eight issues on appeal. She did not sufficiently develop issues one, three, six, seven, or eight to invoke appellate review.

Ms. Masterson correctly notes that we hold pro se pleadings like hers to "'less stringent standards than formal pleadings drafted by lawyers.'" Aplt. Opening Br. at 30 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (alterations and internal quotation marks omitted). "An appellant's opening brief must identify 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'"

6

*Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (quoting Fed. R. App. P. 28(a)(8)(A)). "The court will not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (alteration and internal quotation marks omitted); *see also Garrett*, 425 F.3d at 841 ("Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." (alteration and internal quotation marks omitted)). Ms. Masterson does not support issues one, three, six, seven, or eight with citations to the record or cogent argument. We therefore decline to address them.

Issues two and four relate to the district court's handling of Ms. Masterson's requests for admissions. Issue five relates to the district court's conclusion that the competing summary judgment motions did not raise any disputed material facts. We address these issues below.

B. ***Defendants Withdrew Any Potential Admissions***

Ms. Masterson claims the district court erred in finding that Defendants effectively withdrew any potential admissions. "A matter admitted under [Rule 36] is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). Ms. Masterson argues that because Defendants did not file a separate motion seeking a withdrawal, the court erred in allowing Defendants' withdrawal.

7

In *Bergemann v. United States*, 820 F.2d 1117, 1120–21 (10th Cir. 1987), we rejected this argument as "overly technical" and affirmed the district court's conclusion that the defendant withdrew a potential admission without filing a separate motion. Like Defendants here, the defendant in *Bergemann* opposed a summary judgment motion predicated on the requested admissions and included a sworn statement that denied receiving the requests for admission. 820 F.2d at 1120–21. *Bergemann* applies, and the district court did not err by following it.[5]

### C. *Ms. Masterson Does Not Identify Any Disputed Material Facts*

Ms. Masterson next claims the district court erred in granting summary judgment to Defendants because there remained a material issue of fact regarding the identity of the "true and correct owner" of the note. Aplt. Opening Br. at 28. *See* Fed. R. Civ. P. 56(a) (authorizing "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). Yet Ms. Masterson concedes that exhibit 5 to her complaint "documents the complete chain of title and transactional history of the [b]eneficial [o]wnership as well as the transfer of [s]ervicing [r]ights of [Ms. Masterson's] loan since inception." R. Vol. 1 at 150; *see also* Aplt. Opening Br. at 27.[6] And she does

---

[5] Because we affirm the district court's conclusion that Defendants withdrew any potential admissions, we need not address whether the court should have deemed them admitted in the first instance.

[6] To the extent Ms. Masterson argues that the district court erred by rejecting her TILA claim, *see* Aplt. Opening Br. at 29, this concession defeats her argument. The relevant section of TILA requires a creditor who obtains a beneficial interest in a mortgage loan to provide notice to the borrower within 30 days of the transfer. *See*

not challenge the district court's finding that the "exhibit sufficiently establishes that the beneficial interests in the loan and the servicing rights of the loan were transferred several times." R. Vol. 2 at 171. Exhibit 5 shows Defendant Deutsche Bank Trust Company Americas as the beneficial owner of the note and Defendant Nationstar Mortgage, LLC as the servicer of the loan.

Instead of addressing this uncontroverted evidence or the district court's findings, Ms. Masterson points out that Defendants attached differing copies of the note to their motion for summary judgment. Defendants explained to the court that the first copy was made earlier in time and "before the note bore some indorsements and an allonge that are now on it." R. Vol. 1 at 389. And they clarified that the second copy was current. Defendants even offered "to bring the original note to a hearing for inspection by the Court." *Id.* Ms. Masterson fails to identify any evidence that questions the authenticity of the second copy of the note. *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To defeat a motion for summary judgment, evidence . . . must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." (internal quotation marks omitted)).

In any event, both copies were made at a time the note was indorsed in blank and therefore enforceable by the holder. *See* Utah Code Ann. §§ 70A-3-201, -205(2),

---

15 U.S.C. § 1641(g). But the limitations period for bringing an action for damages resulting from violation of this section is one year. *See* 15 U.S.C. § 1640(e). Exhibit 5 shows that the last transfer of beneficial interests in Ms. Masterson's loan took place in 2012. She filed this suit in 2018.

9

-301. Nationstar currently holds the note. And Defendants produced evidence that Deutsche Bank appointed Nationstar as its attorney-in-fact with respect to the note. Both copies of the note therefore support, rather than undermine, the otherwise uncontroverted evidence regarding the note's owner.

We conclude that there is no genuine dispute regarding the owner of the note.

## III.    CONCLUSION

We affirm the district court's order granting summary judgment to Defendants and denying summary judgment to Ms. Masterson.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge